**Owen Walter SWEPSTON, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 16682.**

United States Court of Appeals
Eighth Circuit.

April 18, 1961.

Rehearing Denied June 21, 1961.

**VOGEL, Circuit Judge.**

This is an appeal from the denial without hearing of a motion for vacation or correction of sentence made under § 2255 of Title 28 U.S.C.A.

Owen Walter Swepston, the appellant, after first consulting with his court-appointed counsel, appeared in open court and filed a waiver of indictment. Thereafter upon arraignment and with the assistance of counsel he offered a separate plea of guilty to each count of a five-count information charging five separate offenses, all in violation of § 287, Title 18 U.S.C.A. Each count in the information separately charged the appellant with making and presenting a false claim against the government by filing a false, fictitious and fraudulent claim for an income tax refund. After the guilty pleas were offered, the District Court specifically inquired of the appellant: Whether he understood that the penalty for each offense could be five years in the penitentiary or a fine of $10,000 or both, to which appellant answered in the affirmative; if anyone had threatened or intimidated him in any fashion, to which appellant replied in the negative; if he was doing this voluntarily after consulting with his counsel, to which he replied, "Yes"; and if there was anything unusual about his arrest or in regard to the transaction, to which the appellant replied, "No, sir." The court thereupon accepted the pleas of guilty and ordered sentencing suspended pending an investigation by a probation officer.

Subsequent to the pre-sentence investigation and report, which indicated that Swepston had filed many false claims for tax refunds in different districts in the United States, that he had a long history of criminal convictions, including seven previous penitentiary sentences, appellant again appeared in court. After his counsel, who appeared with him, was given an opportunity and did speak in his behalf, he was sentenced to:

"* * * imprisonment for a period of three (3) years on each of counts 1, 2, 3, 4 and 5; said sentenc-

Edward L. Scheufler, U. S. Atty., and Clark A. Ridpath, Asst. U. S. Atty., Kansas City, Mo., for appellee.

Owen Walter Swepston, pro se.

Before VOGEL and BLACKMUN, Circuit Judges, and BECK, District Judge.

es of imprisonment to be served consecutively to each other for a total sentence of imprisonment of fifteen (15) years; without costs."

Appellant is presently serving this sentence in the United States Penitentiary at Leavenworth, Kansas.

In his motion to vacate, filed in the District Court on September 22, 1960, appellant set forth the following grounds: (1) illegal arrest; (2) illegal search and seizure; (3) unnecessary delay in being taken before a United States Commissioner; (4) inadmissibility of his confession; (5) failure of the United States Commissioner to inform him of the charges later filed against him in the information; (6) coerced plea of guilty; (7) ineffective assistance of counsel; and (8) failure of the court to clearly and effectively impose consecutive sentences.

Holding that the files and records of the case conclusively show that the appellant was entitled to no relief, the District Court denied the motion without hearing. From such denial Swepston appeals.

In his *pro se* appearance in this court, appellant refers to the fact that he is not learned in the law and asks that the records in the case speak for themselves. We have sent for and have examined the original file in its entirety, including transcripts of the proceedings at the time of waiver of indictment and arraignment and at the time of the imposition of sentences. We find nothing therein helpful to the appellant's contentions. His brief filed in this court is not too clear. No specific mention is made therein as to some of the allegations in his original motion concerning unlawful arrest, illegal search and seizure, unnecessary delay in being taken before a United States Commissioner, coerced plea of guilty and ineffective assistance of counsel. Here he makes the following main contentions:

1. That the sentencing court erred in imposing consecutive sentences;

2. That the court erred in overruling his motion to vacate judgment under § 2255 without granting him a hearing;

3. That the District Court erred in imposing sentences on four counts of the information because they were not included in the original complaint filed with the United States Commissioner.

■ As to the first contention, appellant relies chiefly upon the fact that no statute specifically authorizes a federal court to impose consecutive sentences. None is necessary. The right to impose consecutive sentences is inherent in the courts. Consecutive sentences for separate counts of the same indictment or information have long been sanctioned and cases involving them have been before the Supreme Court of the United States many times. See Ebeling v. Morgan, 1915, 237 U.S. 625, 35 S.Ct. 710, 59 L.Ed. 1151; United States v. Daugherty, 1926, 269 U.S. 360, 46 S.Ct. 156, 70 L.Ed. 309; Blockburger v. United States, 1932, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306; Gore v. United States, 1958, 357 U.S. 386, 78 S.Ct. 1280, 2 L.Ed.2d 1405, rehearing denied, 358 U.S. 858, 79 S.Ct. 13, 3 L.Ed. 2d 92; Harris v. United States, 1959, 359 U.S. 19, 79 S.Ct. 560, 3 L.Ed.2d 597, rehearing denied, 359 U.S. 976, 79 S.Ct. 873, 3 L.Ed.2d 843.

In a case quite similar to the instant one, Turner v. United States, 8 Cir., 1959, 271 F.2d 855, the appeal was from an order of the District Court denying without a hearing a § 2255 motion for vacation or correction of sentence. Appellant there had been convicted and sentenced upon his plea of guilty to an information which in five separate counts charged him with five separate violations of § 287, 18 U.S.C.A., the same statute here involved. Claiming that the consecutive sentences imposed violated his constitutional rights not to be twice put in jeopardy for the same offense, appellant asserted error. In a *per curiam* opinion, this court said at page 856:

"* * * He concedes that no authority in support of this contention could be found. It is safe to say that there is no such authority. See and compare: Ebeling v. Morgan, 237 U.S. 625, 629–631, 35 S.Ct. 710, 59 L.Ed. 1151; United States v.

Daugherty, 269 U.S. 360, 46 S.Ct. 156, 70 L.Ed. 309; Blockburger v. United States, 284 U.S. 299, 301, 305, 52 S.Ct. 180, 76 L.Ed. 306. *The information charged five separate offenses and would have sustained an aggregate maximum sentence of twenty-five years."* (Emphasis supplied.)

In Ellerbrake v. King, 8 Cir., 1940, 116 F.2d 168, 170, rehearing denied January 13, 1941, this court stated:

"Sentences for separate crimes may be consecutive. Asgill v. United States, 4 Cir., 60 F.2d 780, 782; Brown v. Johnston, 9 Cir., 91 F.2d 370.

"Neither is there any merit in the contention that Congress by the enactment of Title 18, U.S.C.A., Section 709a et seq.,[1] abolished the long sanctioned practice of imposing consecutive sentences or sentences to begin in the future. Brown v. Johnston, 9 Cir., 91 F.2d 370, 372."

In Terrell v. Biddle, 8 Cir., 1943, 139 F.2d 32, certiorari denied, Terrell v. Pescor, 321 U.S. 794, 64 S.Ct. 785, 88 L.Ed. 1083, rehearing denied 322 U.S. 767, 64 S.Ct. 941, 88 L.Ed. 1593, second rehearing denied 322 U.S. 769, 64 S.Ct. 1053, 88 L.Ed. 1594, Judge John Sanborn, speaking for this court, said:

" * * * The suggestion that separate sentences for separate offenses charged in an indictment may not be imposed and made to run consecutively is obviously without merit." 139 F.2d at page 33.

See also Lipscomb v. United States, 8 Cir., 1955, 226 F.2d 812, 816, certiorari denied 350 U.S. 971, 76 S.Ct. 445, 100 L.Ed. 843, rehearing denied 350 U.S. 1003, 76 S.Ct. 550, 100 L.Ed. 866; Sherman v. United States, 9 Cir., 1957, 241 F.2d 329, 336, 337, certiorari denied 354 U.S. 911, 77 S.Ct. 1299, 1 L.Ed.2d 1429, rehearing denied 355 U.S. 852, 78 S.Ct. 78, 2 L.Ed.2d 61; Kay v. United States, 6 Cir., 1960, 279 F.2d 734, 735.

While appellant may have had one overall scheme to defraud the government by the filing of many false claims for income tax refunds, he nevertheless committed a separate violation of the statute every time he filed a false claim. Each count of the five-count information charged a separate violation of the statute. Each was a separate crime. Each was punishable separately. They were in no way dependent upon each other. Each false claim for income tax refund was in the name of a different person and was for a separate and different amount. Five crimes were charged and appellant, by his pleas, admitted having committed them. It would seem perfectly clear that the power to impose consecutive sentences under such circumstances rests squarely with the sentencing court. Only Congressional Act could change the inherent power of the court so to do.

Appellant's second claimed error goes to the denial of his motion without a hearing. No hearing is necessary or required under § 2255 if " * * * the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief * * * ". Accordingly, under such circumstances, the court need proceed no further but may overrule the motion without hearing. United States v. Hayman, 1952, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232; Lipscomb v. United States, 8 Cir., 1955, 226 F.2d 812, certiorari denied 350 U.S. 971, 76 S.Ct. 445, 100 L.Ed. 843, rehearing denied 350 U.S. 1003, 76 S.Ct. 550, 100 L.Ed. 866; Godwin v. United States, 8 Cir., 1951, 191 F.2d 932. See Michener v. United States, 8 Cir., 1949, 177 F.2d 422; 20 A.L.R.2d 993, 996. Such is the situation here. The District Court's conclusion that there was no merit in any of the grounds relied on by the appellant in his original motion was eminently sound. His claims as to illegal arrest, unlawful search and seizure, delay in being taken before a United States Commissioner and inadmissibility of his con-

1. Predecessor to 18 U.S.C.A. § 3568, Effective Date of Sentence.

fession were effectively disposed of by his guilty pleas and do not entitle him to a hearing. Hall v. United States, 8 Cir., 1958, 259 F.2d 430, certiorari denied 359 U.S. 947, 79 S.Ct. 728, 3 L.Ed.2d 680; United States v. Salzano, 2 Cir., 1957, 241 F.2d 849; Gonzalez v. United States, 1 Cir., 1954, 210 F.2d 825, certiorari denied 353 U.S. 966, 77 S.Ct. 1050, 1 L.Ed. 2d 915; Warren v. United States, 5 Cir., 1956, 232 F.2d 629; Edwards v. United States, 1958, 103 U.S.App.D.C. 152, 256 F.2d 707, certiorari denied 358 U.S. 847, 79 S.Ct. 74, 3 L.Ed.2d 82; Richardson v. United States, 10 Cir., 1952, 199 F.2d 333; Plummer v. United States, 1958, 104 U.S.App.D.C. 211, 260 F.2d 729; United States v. Scales, 7 Cir., 1957, 249 F.2d 368, certiorari denied 356 U.S. 945, 78 S.Ct. 792, 2 L.Ed.2d 820.

Equally without merit were appellant's allegations in his original motion that he was coerced into pleading guilty and deprived of effective assistance of counsel. The court was meticulous in ascertaining whether or not the guilty pleas were voluntarily and understandingly made. Upon the court's specific inquiry the appellant admitted that he had not been threatened or intimidated into entering guilty pleas and that the pleas were made voluntarily and after consulting with his counsel. His present belated allegations denying the truth of that which he had theretofore admitted in open court are mere conclusions, void of factual support and do not justify the granting of a hearing. Taylor v. United States, 8 Cir., 1956, 229 F. 2d 826, 832, certiorari denied 351 U.S. 986, 76 S.Ct. 1055, 100 L.Ed. 1500; United States v. Sturm, 7 Cir., 1950, 180 F. 2d 413, 414, certiorari denied 339 U.S. 986, 70 S.Ct. 1008, 94 L.Ed. 1388; United States v. Pisciotta, 2 Cir., 1952, 199 F.2d 603, 606; Burgett v. United States, 8 Cir., 1956, 237 F.2d 247, 251, certiorari denied 352 U.S. 1031, 77 S.Ct. 596, 1 L. Ed.2d 599; Bartholomew v. United States, 8 Cir., 286 F.2d 779.

Appellant's third claimed error here is that the District Court erred in imposing sentences on four counts of the information because they were not included in the original complaint filed with the United States Commissioner. The contention is utterly without merit. The United States Attorney is not bound by the proceedings before the United States Commissioner. Deutsch v. Aderhold, 5 Cir., 1935, 80 F.2d 677, 678:

"The United States attorney of the district where a violation of a federal statute occurs is charged with the duty of prosecution and vested with complete control over the proceedings, in the exercise of sound discretion. If the facts show a violation of two or more statutes, he may elect under which he will prosecute, in the absence of a prohibitory statute. He is not bound by any action of the arresting officer or a United States commissioner, acting as a committing magistrate under the provisions of Rev.Stat. 1014, as amended (18 U.S.C.A. § 591). He may ignore the proceedings before the United States commissioner entirely. R.S. § 771 (28 U.S.C.A. § 485); Confiscation Cases, 7 Wall. 454, 19 L.Ed. 196; Morse v. United States, 267 U.S. 80–85, 45 S.Ct. 209, 69 L.Ed. 522."

Additionally, it is pointed out that appellant's plea of guilty precludes in this case any collateral attack under § 2255 upon the grounds of a defective indictment or information. Keto v. United States, 8 Cir., 1951, 189 F.2d 247, 249; Rowley v. United States, 8 Cir., 1951, 191 F.2d 949, 951; Barnes v. United States, 8 Cir., 1952, 197 F.2d 271, 273; Collins v. United States, 8 Cir., 1954, 211 F.2d 789, 790, rehearing denied May 4, 1954; Alm v. United States, 8 Cir., 1956, 238 F.2d 604, 605, certiorari denied 353 U.S. 939, 77 S.Ct. 818, 1 L.Ed.2d 762.

The order appealed from is affirmed.