**Loren Baxter HAMBY, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

No. 14394–1 [1].

United States District Court
W. D. Missouri, W. D.
May 10, 1963.

[1]. This case was originally filed in the Southern Division of the Western District of Missouri as Case No. 1972. Section 2255 of Title 28, U.S.C., gives a prisoner in custody the right to "move the court which imposed the sentence". That statute does not require the court to hear the motion in the same division that sentence was imposed. The Court, for the convenience of petitioner and its own convenience (we sit regularly in Springfield, Missouri, only in April and October) hereby orders the cause transferred from the Southern Division to the Western Division of this District and directs the Clerk to assign a Western Division number to this case.

Loren Baxter Hamby, pro se.

F. Russell Millin, U. S. Dist. Atty., Kansas City, Mo., for respondent.

JOHN W. OLIVER, District Judge.

█ █ Petitioner has filed a Section 2255 motion to vacate the sentence imposed by the late Judge Smith of this Court on May 16, 1961, in Cases No. 5658 and 5674. Case No. 5658 involved a three-count indictment for violation of the counterfeiting laws to which, after initial pleas of not guilty on March 13, 1961, pleas of guilty were entered on April 21, 1961. Petitioner was sentenced in Case No. 5658 for a period of 15 years on Count 1, 15 years on Count 2, and 5 years on Count 3, all to run concurrently for a total of 15 years. Case No. 5674, also a counterfeiting case, was transferred to this Court under Rule 20 from the Eastern Division of the Eastern District of Missouri. Sentence was imposed at the same time petitioner was sentenced in No. 5658. Count 1 of the indictment involved in No. 5674 was dismissed before sentencing and the petitioner was sentenced to 5 years on Count 2 and 5 years on Count 3, to be served concurrently with each other, but to be served consecutively to the sentence imposed in Case No. 5658. No irregularities are claimed in regard to the transfer under Rule 20 or in regard to the fact sentences were imposed in both cases at the same time.

Petitioner is the same Loren Hamby mentioned numerous times in Hance v. United States, 8th Cir., 1962, 299 F.2d 389. In that opinion, the Court of Appeals specifically noted that "Loren Hamby * * * testified for the Government [and] established by his own admission * * * as being one of the dominant characters in the conspiracy charge".

The files and record show that petitioner's guilty pleas in both cases were entered on April 21, 1961; that the case against the defendants who did not plead guilty was tried beginning April 24, 1961, and terminated with a verdict of guilty as to those defendants on April 27, 1961. As noted in the opinion of the Court of Appeals, none of the defendants, including petitioner, was sentenced until after the trial. All were sentenced on May 16, 1961. Petitioner moves to proceed in forma pauperis and for the appointment of counsel. Leave to proceed in forma pauperis is granted. We shall discuss the question of counsel later.

Petitioner's motion is replete with citations and quotations from the many cases that have dealt with Section 2255. In most conclusory fashion, petitioner contends that the two sentences imposed "are not legal and valid because petitioner was not guilty in fact" and because "the court erred when permitting the petitioner to withdraw his plea of not guilty". Petitioner assumes that Judge Smith was under duty to "ascertain the reasons motivating the petitioner to make such change of plea" and asserts that he "was not aware of the actual number of individual charges he faced nor of the possible punishment that the court could impose". Petitioner also alleges that "he was not informed that each count of the indictment was as if there were a separate indictment and penalties of imprisonment could be assessed for each individual count".

The petitioner reiterates those claims in various ways but, more important for the purposes of this motion, he also alleges, again in conclusory language, that he "was influenced in the change of his plea to guilty, through inferences of leniency". In perhaps connected fashion, petitioner alleges that "there were many promises made to this petitioner by arresting officers and his counsel" and that "the misinformation given to this defendant [led] directly to his plea of guilty".

The files and records show that petitioner first appeared before Judge Smith on March 13, 1961 and indicated a desire to have an attorney appointed for him

because Attorney Charles Shaw of St. Louis, who had appeared on behalf of the petitioner in the case that was ultimately transferred to this Court under Rule 20, would not appear for him in this Court. Judge Smith promptly appointed Richard Farrington, Esq., a prominent and leading member of the Bar of Springfield, Missouri, to represent the petitioner. A plea of not guilty was entered later that day.

Mr. Farrington appeared on behalf of the petitioner on April 21, 1961, and participated fully in the proceeding under which petitioner then announced and made his change of plea from not guilty to guilty. Petitioner pled guilty to each of the three counts of the case originally filed in this Court and to Count 2 and Count 3 of the case transferred to this Court from the Eastern District of Missouri. Judge Smith then ordered a presentence investigation.

At the time of sentence, on May 16, 1961, Mr. Farrington made a lengthy plea on petitioner's behalf. In response to a question from Judge Smith, petitioner stated that he had nothing to say before sentence was pronounced in both cases. The sentences now under attack were then imposed.

█ Some of the conclusory factual allegations made by petitioner cannot be determined on the files and records alone. But this is not to say that the petitioner is presently entitled to a hearing. Nor is it to say that petitioner may ever be entitled to a hearing. Nor is it to say that petitioner's sentence would be vacated in the event a hearing should be granted and petitioner's motion sustained. Probably the most petitioner could be granted would be a chance to be tried on a plea of not guilty.

We outlined the minimum pleading requirements of a Section 2255 motion in Burleson v. United States, W.D.Mo.1962, 205 F.Supp. 331 (see also our discussion of that subject and the procedure we have adopted in connection with Section 2255 motions in Taylor v. United States, W.D.Mo.1963, 215 F.Supp. 336. See also our ultimate decision of Burleson reported in D.C., 209 F.Supp. 464).

What we there said, and the procedure we then adopted was approved and recommended in Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148. In its most recent pronouncement concerning Section 2255 motions the Supreme Court considered broadly "the standards which should guide a federal court in deciding whether to grant a hearing on a motion of a federal prisoner" under that section. It specifically discussed in detail "the principles governing successive applications" and formulated "basic rules to guide the lower federal courts" in connection with that particular question. But Sanders, like United States v. Hayman, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232; Hill v. United States, 368 U.S. 424, 82 S.Ct. 468, 7 L.Ed.2d 417, and Machiborda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473, for other examples, must be read and applied more broadly than the specific factual situations determined by those decisions.

Sanders is particularly helpful on the question of pleading because it recognizes that while an applicant "ought not to be held to the niceties of lawyer's pleadings" nevertheless there is a real "need for great care in criminal collateral procedure". The first motion that the petitioner in Sanders filed "alleged no facts but only bare conclusions in support of his claim". The court recognized that the petitioner in Sanders "alleged no facts but merely the conclusions that (1) the 'Indictment' was invalid, (2) 'Appellant was denied adequate assistance of Counsel as guaranteed by the Sixth Amendment,' and (3) the sentencing court had 'allowed the Appellant to be intimidated and coerced into intering [sic] a plea without Counsel, and any knowledge of the charges lodged against the Appellant.'" The Supreme Court stated that "[p]etitioner's first motion under § 2255 was denied because it stated only bald legal conclusions with no supporting factual allegations". And more important, the Supreme Court held

that "the court had power to deny the motion on this ground * * * although the better course might have been to direct petitioner to amend his motion * * *".

We have consistently followed the latter course in our determination of Section 2255 motions (see Burleson and Taylor, supra, for examples). We think that while it is important to note, as did the Supreme Court in Sanders, that "[n]ot every colorable allegation entitles a federal prisoner to a trip to the sentencing court", we also think there are other important factors to consider in dealing with § 2255 motions. We think that it is of at least equal importance for a prisoner to fully realize and soberly contemplate what is actually involved when such a motion is filed. Any trial judge who has dealt with many Section 2255 motions comes to recognize that not infrequently some one other than the petitioner is the actual author of a particular motion. And such a person frequently, although erroneously, thinks that even he has nothing to lose.

We have expressed the feeling that it would be most unjust to bring a prisoner from his institution for a hearing without permitting him to reflect upon the fact that he might unwittingly run afoul of the laws relating to perjury and subornation of perjury (Title 18, United States Code, §§ 1621 and 1622). As a district judge, I have presided over exactly such a trial. See United States v. Roe, W.D.Mo.1963, 213 F.Supp. 444.

In both Burleson and in Taylor, I appointed counsel at an appropriate time. I now indicate my willingness to appoint counsel in this case if an appropriate time should be reached. But such a time is not now, because it lies solely within petitioner's knowledge as to his ability to state specifically the "promises" made to him "by arresting officers and his counsel".

Petitioner would not be benefited by the appointment of counsel to perform the function of saying whether he can name names and state places where persons allegedly made him specific promises, or when and where persons allegedly misled him in any way. If petitioner feels that he can do so and that he needs the assistance of counsel in preparing an amendment to his motion, he may so indicate to the Court.

Consistent with our past practice, and consistent with the most recent decision of the Supreme Court of the United States, we grant petitioner leave to indicate whether he wants to file an amendment to his motion to the end that specific and detailed facts be set forth in connection with the conclusions that he has heretofore attempted to plead. Petitioner shall do so within a period of fifteen (15) days and he shall, within that period of time, indicate to the Court whether he desires that counsel be appointed to help him perform that task.

It is so ordered.