Owen Walter SWEPSTON, Plaintiff,

v.

**UNITED STATES of America,
Defendant.**

Civ. A. No. 1825.

United States District Court
W. D. Missouri,
Southwestern Division.

March 20, 1964.

Owen Walter Swepston, pro se.

F. Russell Millin, U. S. Atty., by John Harry Wiggins, Asst. U. S. Atty., Kansas City, Mo., for defendant.

BECKER, District Judge.

This is a motion to vacate judgment and sentence pursuant to Title 28 U.S. C.A. § 2255, filed by an inmate of the United States Penitentiary at Leavenworth, Kansas.

It appears from the files and records in this cause that on April 25, 1960, plaintiff, with his court-appointed counsel, John Martin, Esquire, appeared for arraignment before the United States District Court for the Western District of Missouri, in the Southwestern Division of said District at Joplin, Missouri, over which the Honorable Albert A. Ridge, then United States District Judge, presided.

Plaintiff signed a waiver of indictment, and a waiver of venue as to one count, which were filed in open Court. Thereupon a five-count information was filed charging five separate offenses, all in violation of Section 287, Title 18 U.S. C.A., the False Claims Act. Thereafter plaintiff offered a separate plea of guilty to each count. After appropriate inquiry and advice, the Court accepted the pleas of guilty and ordered a pre-sentence in-

vestigation and report. After completion of the pre-sentence investigation and report, plaintiff again appeared before the Court with his court-appointed counsel. After affording allocution to the defendant the Court sentenced the plaintiff to "* * * imprisonment for a period of three (3) years on each of counts 1, 2, 3, 4, and 5; said sentences of imprisonment to be served consecutively to each other for a total sentence of imprisonment of fifteen (15) years; without costs."

A previous motion to vacate judgment and sentence pursuant to Section 2255 was filed September 22, 1960. The following grounds were set forth: (1) illegal arrest; (2) illegal search and seizure; (3) unnecessary delay in being taken before a United States Commissioner; (4) inadmissibility of his confession; (5) failure of the United States Commissioner to inform him of the charges later filed against him in the information; (6) coerced plea of guilty; (7) ineffective assistance of counsel; and (8) failure of the court to clearly and effectively impose consecutive sentences.

The District Court denied relief holding that the files and records of the case conclusively showed that the applicant was entitled to no relief. United States v. Swepston (W.D.Mo.) No. 2377, December 14, 1960, unreported. On appeal the order was affirmed. Swepston v. United States (C.A.8) 289 F.2d 166, cert. denied, 369 U.S. 812, 82 S.Ct. 689, 7 L. Ed.2d 612.

In the motion now before the Court, plaintiff sets forth the following grounds for vacating his judgment and sentence:

"(1) The Petitioner did not have the effective assistance of counsel in this case.

"(2) The Petitioner was not competent to understand the proceedings against him, and the investigators in this case took unfair advantage of his incompetence to make unfair and illegal promises they did not keep.

"(3) The Information in this case is defective in substance and fails to charge the necessary element of intent.

"(4) Only one offense was committed in this case—not five."

The government's suggestions in opposition to plaintiff's motion are summarized as follows:

"Respondent submits to this Court that the pending motion is a successive and repetitious document, repeating arguments made by petitioner in his original motion or rephrasing same, and setting forth some other unsupported statements which, if verifiable, were clearly available to petitioner at the time of his original petition."

■ Petitioner's first contention, that he did not have the effective assistance of counsel in this case, was raised in his previous § 2255 motion. (Ground (7), supra.) Relief on this ground was denied by the District Court for the reason that "Item * * * (7) * * * [was] stated in general terms and not factually supported in the present motion." In sustaining the denial on this ground, the Court of Appeals stated that the "* * * allegations * * * are mere conclusions, void of factual support and do not justify the granting of a hearing." Swepston v. United States, supra, 289 F.2d at 170. Clearly the previous denial of relief on this claim was not on the merits and therefore controlling weight may not be given to this prior denial. Sanders v. United States, 373 U. S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148, 161– 162. It is true that plaintiff's first ground for relief in the present motion is again a mere conclusion, stated in general terms and unsupported by factual allegations. It is also true that this Court has the power again to deny relief thereon on this technical ground. However in light of recent decisions it appears to the Court that the better course is to permit petitioner to amend his motion to set forth in detail the facts allegedly supporting this allegation. Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148, l. c. 163–165; Hayes v.

United States (C.A.8) 305 F.2d 540, l. c. 545.

Plaintiff's second ground for relief is that he was not competent to understand the proceedings against him and that unfair advantage was taken of this fact to make unfair and illegal promises to him. Insofar as this allegation contends or implies that plaintiff's pleas of guilty were secured by promises of benefit, plaintiff raised the ground in his previous motion. (Ground (6), supra.) The District Court and the Court of Appeals disposed of this contention with the identical language quoted with reference to plaintiff's original Ground (7), supra. Therefore, for the reason given above, the same ruling will be made. Insofar as this allegation contends that plaintiff was incompetent at the time of his plea, plaintiff has not previously raised the point. The sole reference to petitioner's competency which appears in the record of plaintiff's previous motion is a statement by the Court of Appeals that "The [district] court was meticulous in ascertaining whether or not the guilty pleas were voluntarily and *understandingly* made." (Emphasis added.)

It is true, as is implicit in the above statement of the Court of Appeals, that the transcript of the April 25, 1960, proceedings at plaintiff's arraignment (attached as Exhibit No. 4 to the government's suggestions to plaintiff's motion) indicates by reason of plaintiff's responses to questions asked by the Court that plaintiff (then defendant) had a full and complete understanding of the proceedings then taking place. However the record does not disclose whether plaintiff (then defendant) was able to assist counsel in his own defense. In any event the Court of Appeals for this Circuit has since stated, Hayes v. United States, 305 F.2d 540, l. c. 543, that:

" * * * the competency of a defendant to stand trial can involve affecting factors as to which his expressions, conduct and actions on the trial may not be conclusive in their demonstration, so that this question

ordinarily is one which will not come within the excusatory provision of 28 U.S.C.A. § 2255, making unnecessary a hearing on a motion to vacate sentence where 'the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.' "

See also Sanders v. United States, supra, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d at 164; Swisher v. United States (C.A.8) 326 F.2d 97. Since plaintiff's allegations as to incompetency are again stated as mere conclusions without factual support, the same disposition of the motion on this ground will be made as was made on plaintiff's first ground. Hayes v. United States, supra, 305 F.2d at 543.

Plaintiff's third ground in support of his motion, that the information was defective in failing to charge the element of intent, is without merit. The information charged in each count that plaintiff " * * * did knowingly, wilfully, unlawfully, and feloniously make and present and cause to be made and presented * * * a false, fictitious, and fraudulent claim * * * well knowing the same to be false, fictitious, and fraudulent, in violation of Section 287, Title 18, U.S.C." Ordinarily an allegation that an act is unlawfully, wilfully, knowingly or feloniously done imparts not only knowledge of the thing done but also an evil intent or bad purpose or motive and an awareness of wrongdoing. United States v. Jacangelo (C.A.3) 281 F.2d 574, l. c. 577; United States v. Mueller (C.A.5) 178 F.2d 593, l. c. 594; Bridgeman v. United States (C.A.9) 140 F. 577, l. c. 586. The Court therefore finds that the information filed against plaintiff sufficiently charged the necessary element of intent.

Plaintiff's fourth ground in support of his motion contends that only one offense was committed rather than five. This precise issue was heard and determined adversely to plaintiff's claim by the Court of Appeals for this Circuit upon plaintiff's appeal from the denial of his previous § 2255 motion. The Court

stated, Swepston v. United States, supra, 289 F.2d at 169, that:

"While appellant may have had one overall scheme to defraud the government by the filing of many false claims for income tax refunds, he nevertheless committed a separate violation of the statute every time he filed a false claim. Each count of the five-count information charged a separate violation of the statute. Each was a separate crime. Each was punishable separately. They were in no way dependent upon each other. Each false claim for income tax refund was in the name of a different person and was for a separate and different amount. Five crimes were charged * * *."

For the foregoing reasons it is

Ordered that the motion to vacate judgment and sentence on file herein be, and the same is hereby, denied as to grounds No. 3 and 4 as set forth hereinabove. It is further

Ordered that plaintiff file within 15 days from the entry of this order a detailed written statement of the facts which he alleges support his claim:

(1) That he did not have effective assistance of counsel at his arraignment and sentence;

(2) That he was not competent to understand the proceedings against him and that unfair advantage was taken of this fact to make unfair and illegal promises to him. It is further

Ordered that Jane R. Thompson, Esquire, a member of the Bar of this Court be, and she is hereby, appointed as counsel to assist the plaintiff in preparation of the amended motion.

The action now taken by the Court is without prejudice to the government's contention that plaintiff's present application is an abuse-of-remedy disentitling him to a hearing on the merits under the principles of Sanders v. United States, supra; Price v. Johnston, 334 U.S. 266, 68 S.Ct. 1049, 92 L.Ed. 1356; and Wong Doo v. United States, 265 U.S. 239, 44 S.Ct. 524, 68 L.Ed. 999. But it is

pointed out that on this issue the government must make the claim with clarity and particularity and "fairly demonstrate" that the present application is so vexatious and repetitious that justice does not demand reaching the merits. Sanders v. United States, supra, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d at 158–159, 162–165, and that "Conventional notions of finality of litigation have no place where life or liberty is at stake and infringement of constitutional rights is alleged." Sanders v. United States, supra, 373 U.S. 1, 83 S.Ct. at 1073, 10 L.Ed.2d at 157.