**John Alex WALLIS, Plaintiff,**

v.

**UNITED STATES of America,
Defendant.**

**No. 65 C 116(1).**

United States District Court
E. D. Missouri, E. D.
April 19, 1965.

John Alex Wallis, pro se.

Richard D. FitzGibbon, Jr., U. S. Atty.,
St. Louis, Mo., for defendant.

HARPER, Chief Judge.

The petitioner has filed a motion under 28 U.S.C.A. § 2255 to vacate and set aside a sentence of five years under the provisions of Section 4208(a)(2) 18 U.S. C.A.

In his motion the petitioner states that he was held in violation of the known laws of the United States and was deprived of his constitutional rights by the Police Force of St. Louis, Missouri, and subsequently by the United States Marshal, in that he was held by the police from 12:10 p. m. until 9:00 p. m., that there was an illegal search and seizure, and that he was not represented by counsel at his preliminary hearing.

The petitioner first appeared before this court on September 4, 1964. The file contains a transcript of the proceedings, and the transcript shows that the court informed petitioner of the proposed charge, read it to him, asked him if he understood it, which he stated he did, advised him of the maximum penalty, asked him his age and education, and asked the petitioner if he wanted the court to appoint an attorney to represent him. The petitioner stated, "I see no use for an attorney, your Honor. I just plead guilty. I just came off of narcotics."

Upon inquiry by the court it was ascertained that the petitioner was an addict. The petitioner, thereafter, in writing, waived the appointment of an attorney and the presenting of the matter to the grand jury, and after signing the waiver the court again advised the petitioner that he would appoint an attorney for the petitioner if he wanted one, to which the petitioner stated he would represent himself and plead guilty. He stated that no promise had been made to him to get such a plea nor had any threat been made against him. Upon this plea, the court committed the defendant to the custody of the Attorney General for a period of two years and recommended that he be sent to the Public Health Service Hospital at Lexington, Kentucky.

Thereafter, the petitioner, from the City Jail, wrote a letter to the court in the form of what purported to be a petition of habeas corpus mandamus, alleging that he was innocent and plead guilty while under the influence of narcotics.

Upon receipt of the letter the court contacted the Marshal's office for the purpose of having the petitioner brought back before him, and was advised that early that morning the deputy mar-

shals had left with the petitioner to take him to the Public Hospital at Lexington.

Soon after the petitioner arrived at Lexington he wrote the court with respect to the purported writ that he had mailed to the court from the City Jail, and while the court had no jurisdiction over the petitioner in a writ of habeas corpus matter since the defendant was no longer in his jurisdiction, the court had an application for a writ of habeas corpus ad testificandum prepared, which was signed, and the petitioner was returned. He appeared before the court again on October 2, 1964, and on that date the court vacated the plea and the sentence imposed upon the petitioner on September 4, 1964, appointed James E. Dearing, Jr., an attorney, to represent the petitioner, and set the case for trial on October 26, 1964.

On October 22nd, the petitioner was again before the court, with his attorney, James E. Dearing, Jr., and entered a plea of guilty, at which time he was given the sentence of which he now complains. His attorney requested that if possible he be sent to the hospital at Lexington since he was a narcotic addict, the court recommended that he be incarcerated in such institution, and he was so incarcerated.

The petitioner claims as grounds for his motion that he was arrested without probable cause; that he was detained by the police without proper commitment by a magistrate, and that he was not represented by counsel at the preliminary hearing before the commissioner.

The first two contentions of the petitioner may be disposed of without extended discussion. It is well settled that the errors which may have occurred in the arrest and interrogation of a defendant are not grounds for setting aside a conviction of a crime entered on a plea of guilty if the plea was voluntarily and understandingly entered by the defendant. Sweptson v. U. S., 8 Cir., 289 F.2d 166.

The record in this case discloses that the petitioner was fully informed of the charges against him and that he was represented by experienced counsel when he entered the plea on the sentence he is now serving.

With respect to his allegation that he was not represented by counsel at the preliminary hearing, his allegations do not indicate he requested such, and the record shows that he waived such a hearing, and in fact, as set out above, when he was first before the court waived the appointment of an attorney.

While this court has always preferred to appoint counsel for indigent defendants, even in the preliminary stages, it has not done so when the person involved is of mature age (as this petitioner is), understands the charge and maximum penalty (as this petitioner indicated he did), and states he does not want an attorney, as this petitioner stated in the early stages of the matter. When this petitioner alleged some potential irregularities he was brought before the court, his plea and sentence vacated, and experienced counsel appointed to represent him. His claim in all respects is without merit.

The motion of the petitioner is accordingly overruled in all particulars.