Stephen Luther EVANS, Appellant,

v.

UNITED STATES of America.

No. 16653.

United States Court of Appeals Third Circuit.

Submitted Sept. 11, 1967.

Decided Nov. 21, 1967.

Rehearing Denied Feb. 5, 1968.

Stephen Luther Evans, pro se.

Francis R. Crumlish, Asst. U. S. Atty., Drew J. T. O'Keefe, U. S. Atty., Philadelphia, Pa., for appellee.

Before KALODNER, FREEDMAN and SEITZ, Circuit Judges.

OPINION OF THE COURT

FREEDMAN, Circuit Judge.

This is an appeal by a petitioner pro se from the denial of both his motion under 28 U.S.C. § 2255 to vacate and set aside a criminal sentence against him and his claim that the district judge was disqualified because of personal bias and prejudice under 28 U.S.C. § 144.

On May 28, 1963, after appellant had pleaded guilty to an indictment charging him with robbery of a savings and loan association on December 3, 1962, the

district court suspended the imposition of sentence and placed him on probation for a period of five years on each of five counts, the probation periods to run concurrently. (E.D.Pa.Crim.No. 21, 282).

During the period of his probation appellant was found guilty by a jury on September 21, 1964 of the robbery of another savings and loan association on October 31, 1963 (E.D.Pa.Crim.No. 21,-615). His motion for new trial was denied (United States v. Evans, 239 F. Supp. 554 (E.D.Pa.1965)), and on February 19, 1965 he was sentenced to imprisonment for a term of eighteen years. We affirmed the conviction and the denial of a petition for habeas corpus in a per curiam opinion of March 24, 1966 (359 F.2d 776 (3 Cir. 1966)), and the Supreme Court denied certiorari on October 10, 1966. (385 U.S. 863, 87 S.Ct. 120, 17 L.Ed.2d 90).

Thereafter, on January 30, 1967, the district court entered an order in the first proceeding adjudging that appellant had violated the terms and conditions of his probation by the commission of the crime which resulted in his second conviction. The court therefore revoked its suspension of the imposition of sentence and the release of appellant on probation and ordered him imprisoned for a term of eighteen years on each of four counts, the terms of imprisonment to run concurrently with each other and with the sentence which had been imposed on the second conviction.

Promptly after the revocation of probation, appellant on February 17, 1967 filed the present motion under 28 U.S.C. § 2255 to vacate and set aside his sentence and by affidavit alleged that the district judge was disqualified to sit because of personal bias and prejudice under 28 U.S.C. § 144.

■ We have examined the affidavit and agree completely with the district judge that it is utterly inadequate to show personal bias or prejudice.

■ The district court denied the motion to vacate and set aside the sentence without considering its merits because it believed the motion was directed against the *first* conviction. It held that relief was unavailable under § 2255 because even if that conviction fell, appellant would continue to be lawfully confined under the sentence on the second conviction. Appellant claims, however, that his attack was aimed only at his *second* conviction. It is obvious that a successful attack on the second offense would undermine the basis for the revocation of probation in the first case, whereas an attack on the revocation of probation without questioning the second conviction would be useless. If an ambiguity existed on the question it would be resolved in favor of an intention by this layman acting pro se to perform a meaningful act. We need not resort, however, to inferences drawn from ambiguity. For we are satisfied from an examination of the handwritten documents filed by appellant in the district court in this proceeding and the original record in his two convictions that appellant's attack was directed against the second conviction. His motion under § 2255 to vacate and set aside the sentence bears the case number of the second proceeding although the clerk of the district court properly assigned it a new civil action number.[1] His motion asserts facts relating to the crime on which the second conviction was based and alleges trial errors committed by the court-appointed attorney who represented him in that case. The motion under § 2255 must be deemed to challenge the validity of the second conviction.

■ It would perhaps have been wiser if appellant had expressly attacked his imprisonment under both convictions in this independent civil action[2] which is not a part of either of the two criminal cases. This would have avoided any

---

1. See infra, note 2.

2. Heflin v. United States, 358 U.S. 415, 418, n. 7, 79 S.Ct. 451, 3 L.Ed.2d 407 (1959); Fay v. Noia, 372 U.S. 391, 423–424, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963).

conflict with the general rule that a prisoner serving concurrent sentences under separate convictions must allege the invalidity of all the convictions under which he is confined, in seeking release on habeas corpus[3] or under § 2255.[4] After the district court had rendered its decision appellant made a futile effort to amend, which in effect might have been equivalent to such an allegation.[5] However, since appellant's confinement for his first conviction is based on the revocation of his probation because of his second conviction, he need only attack his second conviction to secure consideration of the merits of his claim.[6] The right to freedom may not be denied for reasons of pure formality.

The merits of appellant's motion to vacate and set aside his sentence were not decided in the district court. This should now be done and if it should be found that the second conviction must be vacated and set aside there will remain merely the formal act of vacating the order of revocation of probation and consequent imposition of concurrent imprisonment on the first conviction unless, of course, after further proceedings grounds should be disclosed in the facts surrounding the second offense or otherwise which would support the revocation of probation even though the second conviction is vacated.

The order denying the application for disqualification of the district judge under 28 U.S.C. § 144 will be affirmed. The order denying the motion under 28 U.S.C. § 2255 to vacate and set aside the criminal sentence will be reversed and the cause remanded for further proceedings.

3. McNally v. Hill, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238 (1934); Wilson v. Gray, 345 F.2d 282 (9 Cir.), cert. denied, 382 U.S. 919, 86 S.Ct. 288, 15 L.Ed.2d 234 (1965).

4. Hayman v. United States, 329 F.2d 546 (9 Cir.), cert. denied, 379 U.S. 854, 85 S.Ct. 103, 13 L.Ed.2d 57 (1964); United States v. McGann, 245 F.2d 670 (2 Cir. 1957); see Heflin v. United States, 358 U.S. 415, 418, 79 S.Ct. 451, 3 L.Ed. 2d 407 (1959).

5. Appellant, believing that the reason for the district court's decision had been that he had attacked only his *second* conviction, sought to amend his motion to include his sentence under his first conviction. The district court did not act on the application.

6. Ex parte Hull, 312 U.S. 546, 61 S.Ct. 640, 85 L.Ed. 1034 (1941); United States ex rel. Gaito v. Maroney, 324 F. 2d 673 (3 Cir. 1963), both dealing with parole.