**Willie Charles MACON, Appellant,**

**v.**

**UNITED STATES of America, Appellee.**

**No. 23201.**

United States Court of Appeals Ninth Circuit.

Aug. 7, 1969.

Willie Charles Macon, pro. per., for appellant.

Edward E. Davis, U. S. Atty., Lawrence Turoff, Asst. U. S. Atty., Phoenix, Ariz., for appellee.

Before HAMLIN, MERRILL and ELY, Circuit Judges.

MERRILL, Circuit Judge:

For acts committed upon an Indian Reservation, located in Arizona, appellant was charged with burglary under the Assimilative Crimes Act, 18 U.S.C. § 1152. He pleaded guilty and was sentenced to five years imprisonment. In these proceedings, for the second time, he seeks relief under 28 U.S.C. § 2255. The District Court denied his motion without evidentiary hearing on the ground that it simply presented again the claims advanced by him on his first motion.

Appellant's first 2255 motion also was denied without evidentiary hearing. By that motion appellant claimed that his guilty plea had been induced by promises of leniency. The allegations were, however, in general and conclusionary terms. There was no factual allegation respecting the substance of any promise nor the circumstances under which it had been made.

■ In these proceedings appellant again advances this claim. Again, it is wholly lacking in factual allegations sufficient to warrant either hearing or response by the Government.

■ One new claim is advanced: that the trial court did not ascertain whether the guilty plea was intelligently entered as required by Rule 11, F.R. Cr.P. Relying upon McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969) and Heiden v. United States, 353 F.2d 53 (9th Cir. 1965), appellant contends that his sentence and plea should, for this reason, be set aside.[1]

The record supports appellant's contention that the trial court failed to comply with the requirements of Rule 11, in that it failed adequately to ascertain appellant's understanding of the nature of the charge against him and the consequences of his plea. This alone, however, is not sufficient to bring the rule of McCarthy and Heiden into play. Those cases hold that an alleged lack of understanding need not be proved once it has been established that the trial court failed to make the ascertainment of understanding required by Rule 11. The cases contemplate, however, that lack of understanding shall at least be alleged. In Heiden it was stated:

"Prejudice, then, is established when lack of understanding in a specific and material respect is sufficiently alleged and such asserted lack, if it existed, would have been disclosed by a proper examination by the trial judge." 353 F.2d at page 55.

Here, appellant alleged that his understanding of the crime with which he was charged was that it was second-degree burglary while in fact he was charged with the greater crime of "Burglary on an Indian Reservation." Appellant, however, was correct in his original understanding. He was charged with second-degree burglary and the sentence imposed was the maximum provided for that crime under Arizona law.

In his brief appellant includes an unsworn assertion of further misunderstanding: he believed that trespass, or entry without breaking, was sufficient to constitute the crime (assuming, of course, the requisite intent to commit a felony therein). Again, in this respect, appellant was correct in his understanding. Under Arizona law, breaking is not a necessary element of the crime of burglary. State v. Owen, 94 Ariz. 350, 385 P.2d 227 (1963); McCreary v. State, 25 Ariz. 1, 212 P. 336 (1923).

We note that appellant has not alleged a belief that something less than five years was, under law, the maximum sentence he could suffer. Indeed, his claim of a belief that he would be treated with leniency suggests knowledge of the legal maximum and an understanding that a

---

1. No question of retroactive application of McCarthy arises here as the rule there announced was the law in this circuit since Heiden.

lesser sentence would result not from law but from an exercise of sentencing discretion.

Appellant has, then, failed to allege lack of understanding in any respect and accordingly has failed to allege that any prejudice resulted from the trial court's departure from the requirements of Rule 11.

Judgment affirmed.

ELY, Circuit Judge (dissenting):

I respectfully dissent. Since the sentencing judge accepted the plea of guilty without personally communicating any advice whatsoever to the accused, there was, as the majority recognizes, manifest failure to comply with the requirements of Rule 11, Fed.R.Crim.P. Notwithstanding, the majority affirms upon its conclusion that Macon did not, in his petition, *allege* that he was unaware, before he entered his plea, of all the possible consequences which might follow that plea. This approach, so narrowly technical, is an avenue which I cannot take, especially since, as the majority also recognizes, Macon would not have been required to prove the allegation had it been made. Heiden v. United States, 353 F.2d 53 (9th Cir. 1965). Moreover, I believe that the petition did, in effect, contain the allegation. It clearly alleged the court's failure to comply with Rule 11. The thrust of other portions of the petition is that Macon, when he entered his plea, expected that he would be sentenced for an offense carrying a lesser punishment than that which was imposed. Macon is a layman, and he apparently prepared his petition without the assistance of a lawyer trained in the refined niceties of formal pleading. If the District Court believed, as does the majority, that the petition was technical-

ly deficient as to the allegation believed to be so crucial, it should have afforded Macon an opportunity to amend his petition before entering an order of dismissal. In Pembrook v. Wilson, 370 F.2d 37 (9th Cir. 1966), wherein the allegations of a petition for habeas corpus were, as the majority says of the allegations here, "conclusionary," our court, through Judge Hamley, wrote:

> "The proper course in this circumstance would be to grant leave to proceed in forma pauperis, but dismiss the application with leave to amend, pointing out the deficiency which requires amendment. * * * *"

*Id.* at 39 n. 4. *See also* Rule 15, Fed.R. Civ.P.; Blair v. California, 340 F.2d 741 (9th Cir. 1965); United States v. Derosier, 229 F.2d 599, 601 (3rd Cir. 1956); United States ex rel. Darcy v. Handy, 203 F.2d 407, 428–429 (3d Cir. 1953); Swepston v. United States, 227 F.Supp. 429 (W.D.Mo.1964); Hamby v. United States, 217 F.Supp. 318 (W.D. Mo.1963); Burleson v. United States, 205 F.Supp. 331 (W.D.Mo.1962). See generally Sanders v. United States, 373 U.S. 1, 10 L.Ed.2d 148, 83 S.Ct. 1068 (1963); Evans v. United States, 387 F. 2d 160 (3d Cir. 1967). The contrary approach, taken by the District Court in this case and approved by the majority, will surely not effect a final solution of the problem which Macon's claim presents. I have no doubt that Macon, however unlearned, will be able to supply the necessary allegation in his next petition.

I would reverse, with directions to vacate the challenged judgment of conviction and to afford to the appellant an opportunity, under appropriate safeguards, to replead to the charge made in the indictment.