Thomas T. SWISHER, Petitioner,

v.

UNITED STATES of America,
Respondent.

No. 14178-1.

United States District Court
W. D. Missouri, W. D.

Dec. 31, 1962.

Thomas T. Swisher, pro se.

F. Russell Millin, U. S. Dist. Atty., Kansas City, Mo., for defendant.

JOHN W. OLIVER, District Judge.

This case pends on a petition for writ of habeas corpus. In accordance with our usual practice, petitioner is granted leave to proceed in this Court in forma pauperis.

On May 18, 1962, we denied an earlier application for habeas corpus filed by this same petitioner. It is apparent from that earlier proceeding that petitioner is a military prisoner. He was tried and convicted by a General Court-Martial convened at Fort Jackson, South Carolina. On August 29, 1958, he was sentenced to be dishonorably discharged, to forfeit all pay and allowances, and to be confined at hard labor for thirty years.

The United States Army Board of Review, in a careful opinion, modified the sentence to twenty-five years. Petitioner was originally confined in the United States Disciplinary Barracks at Fort Leavenworth, Kansas. On November 20, 1959, he was accepted for confinement at Lewisburg, Penitentiary. On October 17, 1961 he was transferred from there to Springfield Medical Center for Federal Prisoners pursuant to Sections 4082, 4085 and 4125 of Title 18 United States Code.

Petitioner alleges in his present petition that he wants "an independent sanity examination". He alleges that "at the time of conviction, the plea of not guilty by reason of insanity was entered for me against my own wishes". The decision of the Board of Review shows that his defense counsel also raised the question of whether "the evidence is factually insufficient to establish accused's mental responsibility". And the opinion of the Board of Review noted that an Army psychiatrist and a nurse respectively testified that "the accused could not adhere to the right and * * * that it was her opinion that the accused was insane at the time of the offenses". The Board of Review pointed out, however, that "opposed to the defense wit-

nesses were five lay witnesses * * * and a civilian psychiatrist employed by the Veterans Administration". The Board of Review held that "we are convinced from all of the evidence * * * that the accused was legally sane at the time he committed the alleged offenses and that he had capacity to entertain the necessary specific intents". [1]

Petitioner's allegations accurately reflect what happened at the court-martial. He makes no contention whatever that the question of his sanity was not fully explored or that he was unfairly treated or that any thing happened that would approach any due process violation. Petitioner merely alleges that "at the trial there was one doctor and his opinion was that I was at that time insane. * * * There was a second doctor who found me sane". Petitioner alleges that he would now like "an independent sanity examination" because "it does seem to me that at least three opinions are desirable or just". We do not have power or jurisdiction to grant petitioner's quite academic request.

Petitioner does not really seek to attack collaterally the military trial. We are therefore not required to determine whether the scope of review of a District Court over court-martial proceedings is the same as the scope of its review over civil trials.[2] Should we assume, however, that we have power to exercise the broadest scope of review, there is nothing in petitioner's allegations that could be said to be sufficient to invoke our habeas corpus jurisdiction. Compare Judge Huxman's opinion in Richards v. Cox, D.C. Kan.1960, 184 F.Supp. 107. Compare also Burns v. Wilson, supra, in which a post-trial determination of sanity by the military was held immune from attack in a habeas corpus proceeding.

Nor do we have power to grant petitioner's request that respondent be required to apply either Section 4241 or Section 4245 of Title 18 United States Code. Section 4241 vests exclusive power and jurisdiction in the Attorney General to transfer inmates of Federal penal and correctional institutions to the United States hospital for mental delinquents or to any other institution authorized by law to receive insane persons upon a finding made by the Board of Examiners authorized by that section.

Section 4245 vests exclusive power and jurisdiction in the Director of the Bureau of Prisons to put in motion proceedings for a judicial hearing if he and the Board of Examiners have determined that there is probable cause to believe that a person convicted of an offense against the United States was in fact mentally incompetent at the time of his trial, provided that issue was not raised or determined before or during the trial.

A District Court is not vested with jurisdiction, by way of habeas corpus or otherwise, to control the exercise of the discretionary power conferred on others by those two sections. See Craft v. Settle, W.D.Mo.1962, 205 F.Supp. 775,

1. It should also be noted that the Board of Review stated that "it was expressly stipulated that there was no issue of insanity *at the time of trial*". Of course, the questions of mental competency *at the time of the offense* and *at the time of trial* are entirely different questions of fact. Establishment of sanity at either time does not establish sanity for the other. And the Board of Review did not so consider petitioner's case.

2. In spite of the majority opinions in Hiatt v. Brown, 339 U.S. 103, 111, 70 S.Ct. 495, 94 L.Ed. 691 (1950), and Burns v. Wilson, 346 U.S. 137, 139, 73 S.Ct. 1045, 97 L.Ed. 1508 (1953), there is authority that has noticed a trend in the direction

of holding that the scope of review is constitutionally the same. See Rushing v. Wilkinson, 5 Cir. 1959, 272 F.2d 633, 641, and authorities cited in footnote 7. And compare Mr. Justice Frankfurter's second opinion in Burns, reported at page 844 of 346 U.S. at page 8 of 74 S.Ct. at page 363 of 98 L.Ed. The rule of decision of the Eighth Circuit, at least before Brown and Burns were decided, seemed to assume that Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461, and like cases, required the same scope of review for military and civilian trials. See Schita v. King, 8 Cir. 1943, 133 F. 2d 283, 287, and Schita v. Cox, 8 Cir. 1944, 139 F.2d 971, 972.

and particularly the authorities cited in footnote 3 on page 777.

For the reasons stated, the petition for habeas corpus must be and it is hereby denied.

It is so ordered.