Thomas T. SWISHER, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 17372.

United States Court of Appeals
Eighth Circuit.

Jan. 13, 1964.

Wyman Wickersham, Kansas City, Mo., for appellant.

F. Russell Millin, U. S. Atty., Clifford M. Spottsville, Asst. U. S. Atty., Kansas City, Mo., Abraham Newrow, Lieutenant Colonel, JAGC, Office of Judge Advocate General, Dept. of Army, Washington, D. C., and Joseph J. DeFrancesco, Captain, JAGC, Office of Judge Advocate General, Dept. of the Army, Washington, D. C., for appellee.

Before VOGEL, BLACKMUN and RIDGE, Circuit Judges.

PER CURIAM.

The conviction of appellant at court-martial having been affirmed by higher authority, he filed petition for writ of habeas corpus in the District Court, raising the question of his mental competency to stand trial on the charges preferred against him. The District Court dismissed appellant's petition for a writ,[1] without requiring response to be made thereto by the Warden of the Medical Center for Federal Prisoners, at Springfield, Missouri, where appellant is presently confined. We granted leave to appeal *in forma pauperis* " * * * for the purpose of settling the question of Swisher's right to a hearing on his mental capacity, and of attempting to put an end to his continuous applications for a writ in the District Court and his repetitive applications for a writ of mandamus" and previous request for leave to appeal *in forma pauperis*.

We have carefully reviewed the record in this appeal in the light of the *ex parte* records before us. Our conclusion is that appellant has set forth therein some factors which give facial indication of a possible issue existing, that his mental competency to stand trial may not have been constitutionally adjudicated at his court-martial. We cannot presently dispose of that possible issue with finality on the basis of the record before us. That the issue of "mental competency *at the time of the offense* and *at the time of trial* are entirely different questions of fact" is cogently recognized by the District Court in its opinion, supra, 211 F. Supp. at l. c. 918.

In Hayes v. United States, 8 Cir., 305 F.2d 540, at 543, we had occasion to say:

"In Bishop v. United States, 350 U.S. 961, 76 S.Ct. 440, 100 L.Ed. 835, the Supreme Court summarily vacated a District Court's denial of a § 2255 motion and the Court of Appeals' affirmance thereof, * * * where

---

1. Swisher v. United States, 211 F.Supp. 917 (W.D.Mo.1962).

the question of trial competency had been disposed of on the basis of the motion to vacate, the record of the trial proceedings, and, some affidavits appearing in the court files. The case was remanded to the District Court for a hearing on the competency question."

A like remand was made by us in the Hayes case, supra. That a 2255 motion has affinity to an application for writ of habeas corpus by non-federal court prisoners is recognized in Heflin v. United States, 358 U.S. 415, 79 S.Ct. 451, 3 L.Ed.2d 407.

In Burns v. Wilson, 346 U.S. 137, at l. c. 139, 73 S.Ct. 1045, at l. c. 1047, 97 L.Ed. 1508, it is said:

"The statute which vests federal courts with jurisdiction over applications for habeas corpus from persons confined by the military courts is the same statute which vests them with jurisdiction over the applications of persons confined by the civil courts. But in military habeas corpus the inquiry, the scope of matters open for review, has always been more narrow than in civil cases."

"(T)he scope of matters open for review" in the instant habeas corpus proceeding is limited by appellant to the issue of his competency to stand trial before his court-martial. His previous and instant application for a writ of habeas corpus have been self-prepared. He is now represented by retained counsel.[2] Seemingly, as far as we can presently ascertain, appellant has exhausted all provisions of the Uniform Code of Military Justice (10 U.S.C.A. Chap. 47) for making collateral attack against his conviction and sentence on the ground that he was mentally incompetent to stand trial. Cf. Hiatt v. Brown, 339 U.S. 103, 70 S.Ct.

495, 94 L.Ed. 691; Gusik v. Schilder, 340 U.S. 128, 71 S.Ct. 149, 95 L.Ed. 146 (1950). Whether a "fair determination by the military tribunal" has been made as to that issue is a question that cannot, and should not, be resolved by us on the present record. Cf. Whelchel v. McDonald, 340 U.S. 122, 71 S.Ct. 146, 95 L. Ed. 141 (1950).

The order dismissing appellant's latest application for writ of habeas corpus is hereby vacated. This case is remanded to the District Court for further proceedings in accordance with due process of law.

---

2. In the case at bar we appointed Wyman Wickersham, Esq., of Kansas City, Missouri, Bar, to represent appellant as an indigent defendant. Compatible with his obligation as a member of the Bar of this Court to so act, Mr. Wickersham willingly accepted such appointment. Subsequent thereto, appellant's parents made arrange-ments to retain Mr. Wickersham and paid him a fee. Before accepting the same, he informed the Clerk of this Court of his retainer. As a consequence, we revoked his in forma pauperis appointment. He now appears in this appeal as retained counsel.