**Thomas Theodore SWISHER, Petitioner,**

v.

**UNITED STATES of America and Dr. Jesse D. Harris, Warden, Respondent.**

**No. 15391–1.**

United States District Court
W. D. Missouri, W. D.
March 22, 1965.

Thomas Theodore Swisher, pro se.

F. Russell Millin, U. S. Atty., Kansas City, Mo., for respondent.

JOHN W. OLIVER, District Judge.

This case concerns still another petition for habeas corpus and a motion for the appointment of a guardian ad litem filed by Thomas T. Swisher, a military prisoner. Past petitions have made us well acquainted with the military proceeding concerning this petitioner.

On January 25, 1965, pursuant to the direction of our controlling court in Swisher v. United States, 8 Cir. 1964, 326 F.2d 97, and after we had directed petitioner's employed counsel to include every possible ground upon which petitioner might in the then future claim to be entitled to relief in an amended petition for habeas corpus in Case No. 14178–1, we denied petitioner's application for writ of habeas corpus.

On February 25, 1965 and before the time for appeal expired in No. 14178–1, petitioner filed a new petition for habeas corpus in which he attempts to raise questions concerning alleged violations of the Fifth and Sixth Amendments based upon factual allegations that he was not represented by counsel during post-arrest interrogation by military interrogators and because he was coerced into signing two confessions which he alleges were admitted in evidence against him at the court martial. Petitioner now relies upon Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964), in this habeas corpus proceeding involving a military prisoner. He also relies upon certain alleged violations of the Uniform Code of Military Justice.

On February 26, 1965, petitioner also filed a motion for the appointment of a guardian ad litem in which he alleges that "he might not be able to continue this cause without the benefit of a guardian ad litem to advise and counsel him in this cause." Petitioner alleges that he does not have the assistance of counsel in connection with this, his most recent application for habeas corpus. We have verified that the most recent of peti-

tioner's employed counsel no longer represents him. We do not believe the appointment of one more attorney in the long line of appointed and employed counsel is indicated in light of what we believe is the controlling law applicable to this case.

■ In our memorandum opinion of January 25, 1965, in No. 14178-1, D.C., 237 F.Supp. 921, we discussed the various recent cases in the Supreme Court of the United States in which repeated recognition was given to the principle that "in military habeas corpus the inquiry, the scope of matters open for review, has always been more narrow than in civil cases" (quoted from page 139 of Burns v. Wilson, 346 U.S. 137, 73 S.Ct. 1045, at page 1047, 97 L.Ed. 1508 (1953)). We also pointed out that Burns held that it was the "limited function of the civil courts to determine whether the military have given fair consideration to each of [the] claims" presented to the military tribunal and that Whelchel v. McDonald, 340 U.S. 122, 71 S.Ct. 146, 95 L.Ed. 141 (1940), held that "[i]t is only a denial of [the] opportunity * * * to tender the issue * * * which goes to the question of jurisdiction." If, according to Whelchel, the opportunity to tender the issue was afforded, no question of due process can be involved because "[a]ny error that may be committed in evaluating the evidence tendered [the military tribunal] is beyond the reach of review by the civil courts."

■■ Taking judicial notice of the files and records in No. 14178-1 we find and determine the Law Officer at the court martial trial fully explained to the petitioner his right to introduce any evidence relevant to the circumstances under which the statement signed by him on July 14, 1958 (Exhibit 7 of the court martial; page 102 of Exhibit D in No. 14178-1) was obtained, as such evidence might go to the question of whether or not petitioner's statement was or was not voluntarily made by him.

In regard to the first statement, the defense announced that "the accused does not desire to testify on the issue of voluntariness" (page 24 of Exhibit D in No. 14178-1).

The procedure followed in regard to the second statement, a question and answer statement dated July 12, 1958 (Exhibit 10 of the court-martial; page 112 of Exhibit D in No. 14178-1), is revealed by the following from page 34 of Exhibit D in No. 14178-1:

"LAW OFFICER: Private Swisher, do you recall the advice I gave you a few minutes ago concerning a statement allegedly made by you, your rights as to making a statement as to the voluntariness or involuntariness of the statement? Do you recall that?

"ACCUSED: Yes, sir.

"LAW OFFICER: I advise you in a like manner at this time as to this statement. You may consult with your counsel and decide whether you desire to take the stand or whether you desire to present any evidence as to the voluntariness of this statement.

"DEFENSE: He does not desire to take the stand on the question of voluntariness, sir."

■■ Under the rules of decision announced in the Supreme Court cases, we find and determine that petitioner was afforded full opportunity to present the issue he now attempts to tender to this Court; that he then elected not to question the voluntariness of either of the statements; that he was given full opportunity to raise the question now attempted to be presented in his amended petition for habeas corpus in this court in No. 14178-1; that he failed to do so; and that for both reasons petitioner's most recent petition for habeas corpus and his motion for the appointment of a guardian ad litem should be and are hereby denied.

It is so ordered.