Thomas T. SWISHER, Appellant,

v.

UNITED STATES of America, Appellee.

Thomas T. SWISHER, Appellant,

v.

UNITED STATES of America, and Dr. Jesse D. Harris, Warden, Appellees.

Nos. 17986, 17995.

United States Court of Appeals Eighth Circuit.

Jan. 4, 1966.

Robert G. Russell, Kansas City, Mo. (Court-appointed), for appellant.

Abraham Nemrow, Lieutenant Colonel, JAGC, Dept. of Army, Washington, D. C., F. Russell Millin, U. S. Atty., and Clifford M. Spottsville, Asst. U. S. Atty., Kansas City, Mo., for appellee.

Before VAN OOSTERHOUT, MATTHES and MEHAFFY, Circuit Judges.

VAN OOSTERHOUT, Circuit Judge.

Petitioner Thomas T. Swisher has appealed from final judgment entered in each of the above-entitled cases denying habeas corpus relief from his conviction and sentence by a court-martial. In No. 17,986 petitioner was represented by counsel in the trial court. No. 17,995 involves a subsequent pro se petition for writ of habeas corpus filed by petitioner. Petitioner is represented in both appeals before us by court-appointed counsel. The trial court's opinion denying the writ in case No. 17,986 is reported at 237 F. Supp. 921 and the opinion denying the writ in No. 17,995 is reported at 239 F. Supp. 182.

The trial court, in its opinion reported at 237 F.Supp. 921 which covers some forty-one pages, thoroughly sets out the history of this extensive litigation and fairly and accurately sets out the evidence bearing upon the issues here involved. Little purpose would be served in re-covering the same ground. The two cases are consolidated here. We shall in this opinion attempt to cover all material issues raised by both appeals.

Petitioner, while a member of the armed forces, was convicted on August 29, 1958, by a general court-martial legally convened on the following charges: robbery in violation of Article 122, Uniform Code of Military Justice; assault with intent to commit murder; assault with intent to commit rape, and interstate transportation of a stolen motor vehicle in violation of 18 U.S.C.A. § 2312, the latter three charges being in violation of Article 134, Uniform Code of Military Justice. The charged offenses were committed on July 12, 1958. Petitioner pleaded not guilty to all of such charges. He was represented by counsel at his trial. Substantial evidence introduced at the trial shows that petitioner by artifice lured Mrs. Connell, the wife of another soldier on the base, to an isolated spot on the Fort Jackson, South Carolina, military base, and that he there took off much of her clothing, attempted rape, brutally beat and kicked his victim, and thinking that he had killed her he con-

cealed the body in some brush, stole her purse containing money and her car and transported the car across state lines.

Petitioner was sentenced to a dishonorable discharge, forfeiture of pay and thirty years imprisonment. After a complete review by the Staff Judge Advocate, as required by Article 61 of the Uniform Code of Military Justice (10 U.S.C.A. § 861), the sentence was approved by the convening authority. The proceeding was reviewed by a Board of Review pursuant to 10 U.S.C.A. § 866. Appointed counsel, as well as employed counsel, represented petitioner and presented argument before the Board of Review. The Board found petitioner was not guilty of robbery upon the basis that the intent to steal was not formed until after the assault. The Board upheld the conviction upon all other charges. The sentence of imprisonment was reassessed to twenty-five years. Later the Secretary of the Army extended clemency and reduced the sentence to twenty-three years.

Petitioner petitioned the Court of Military Appeals for review of the decision of the Board of Review pursuant to 10 U.S.C.A. § 867(b) (3) and was there represented by counsel. Such petition was denied. Final appellate review of the case having thus been completed (10 U.S.C.A. § 871(c)), the sentence as approved by the Board of Review was ordered executed.

Petitioner does not now assert nor has he ever claimed that he did not commit the acts charged. His defense throughout the military proceedings was his incompetency at the time of the crime. Such issue was fully and fairly tried and determined against him and carefully reviewed at the appellate level. Such determination is not subject to challenge here.

The case now numbered 17,986 has heretofore been before this court. In Swisher v. United States, 8 Cir., 326 F. 2d 97, petitioner sought habeas corpus relief from his conviction based upon the ground that petitioner was not competent to stand trial at the time of his court-martial. The trial court by opinion reported at 211 F.Supp. 917 dismissed the petition on the ground that the court was without jurisdiction to entertain it and that there were insufficient allegations charging that the competency to stand trial issue was not fully and fairly determined by the military proceeding. We vacated the order of dismissal and remanded for further proceedings, stating in part:

"Our conclusion is that appellant has set forth therein some factors which give facial indication of a possible issue existing, that his mental competency to stand trial may not have been constitutionally adjudicated at his court-martial.

\* \* \* \* \* \*

"Whether a 'fair determination by the military tribunal' has been made as to that issue is a question that cannot, and should not, be resolved by us on the present record. Cf. Whelchel v. McDonald, 340 U.S. 122, 71 S.Ct. 146, 95 L.Ed. 141 (1950)." 326 F.2d 97, 98.

We recognize that sanity at the time of the offense and mental competency at the time of the trial are entirely different questions. We quoted from Hayes v. United States, 8 Cir., 305 F.2d 540, which relies on Bishop v. United States, 350 U.S. 961, 76 S.Ct. 440, 100 L.Ed. 835, which holds that a party convicted of a crime in a federal civil court has a right to collaterally attack his conviction on the ground of incompetency at the time of trial where such issue has not been raised and adjudicated in the trial resulting in the conviction. See Simmons v. United States, 8 Cir., 253 F.2d 909, 912. We recognized the limitations imposed by Burns v. Wilson, 346 U.S. 137, 73 S.Ct. 1045, 97 L.Ed. 1508 and stated, " '(t)he scope of matters open for review' in the instant habeas corpus proceeding is limited by appellant to the issue of his competency to stand trial before his court-martial." 326 F.2d 97, 98.

The competency to stand trial issue is the one most heavily relied upon by peti-

tioner in his present appeals. Our opinion reported at 326 F.2d 97 is the law of the case upon this issue. The trial court clearly and accurately points out, at pp. 939 to 943 of 237 F.Supp., that petitioner had a full opportunity at his court-martial to raise the competency to stand trial issue. His counsel unequivocally stated that such issue was not being raised. Such counsel by affidavit states the issue was not pressed because he could not obtain evidence to support the issue. See pp. 957–958 of 237 F.Supp. Since such issue was not raised at the court-martial, it was not expressly adjudicated in such proceeding.

■ The trial court at pp. 924–929 of 237 F.Supp. discusses the law relating to the scope of review in habeas corpus of military convictions. The authorities cited and discussed establish that the scope of a habeas corpus review of a military conviction is more narrow than a habeas corpus review of a conviction by a civil court. The question of whether the reach of habeas corpus is broad enough to cover the competency to stand trial issue in a military proceeding has not been definitely determined by the Supreme Court and such issue is not free from doubt. Whelchel v. McDonald, 340 U.S. 122, 71 S.Ct. 146, holds that a military prisoner who has had a fair opportunity to raise the issue of sanity at the time of the offense and has failed to do so cannot by habeas corpus attack his military conviction on the ground of insanity at the time of the offense. However, as previously observed, the issue of sanity at the time of the offense is separate and distinct from the issue of competency to stand trial.

The trial court upon the basis of its interpretation of our former opinion held a fullscale hearing upon the issue of petitioner's competency at the time of his trial. The evidence and records of the court-martial proceeding were fully explored and considered. Additional evidence in the form of affidavits and letters from parties having information on the competency issue were received in evidence. Before the evidence was closed, the court inquired of each party whether there were any additional factual data that either party desired to produce. The court received a negative answer and was assured by all parties that the record was complete.

■ The trial court exhaustively sets forth the pertinent evidence bearing on the competency to stand trial issue at pp. 936 to 958 of 237 F.Supp., making the ultimate finding upon such evidence at p. 959 as follows:

"On the basis of our review of all the facts and circumstances contained in the record before the military authorities and those adduced in evidence since remand, we find that, on the facts, petitioner was fully competent to stand trial; and, on the law, the recognition of that fact by all persons concerned without putting the question in specific issue did not violate any right guaranteed petitioner by the Constitution of the United States."

The trial court has very clearly demonstrated in its opinion that such finding is supported by substantial evidence. Upon the basis of the findings reflected in the trial court's opinion, the trial court's determination that the petitioner was competent to stand trial at the time of his court-martial must be affirmed.

In view of our prior holding on remand and the exhaustive exploration which followed, we have chosen to affirm upon the ground that the evidence fully supports the finding of competency at the time of trial. The prolonged history of this repetitious litigation leads us to believe that the interest of justice will be served by a disposition of this case upon the merits rather than by a technical consideration of the somewhat hazy field of the scope of review in the present situation. Petitioner has now without doubt had a full, fair and complete consideration of the competency issue.

As heretofore noted, the competency issue was the only issue involved on our previous remand. After remand, the court instructed petitioner and his coun-

sel to amend and include every possible ground upon which petitioner might in the future claim to be entitled to habeas corpus relief. This was an attempt to forestall repetitious appeals by the means suggested in Sanders v. United States, 373 U.S. 1, 22, 83 S.Ct. 1068, 10 L.Ed.2d 148.

Petitioner has by amendment in No. 17,986 and by pro se petition in No. 17,995 made additional collateral attacks upon his conviction. We shall confine our specific discussion to the additional issues raised by the petitioner's brief, which are, (1) denial of effective assistance of counsel at the court-martial; and (2) illegal extraction of confessions from petitioner at a time he was not represented by counsel.

We believe that the trial court properly rejected such contentions upon the ground that such issues are not open for review upon a collateral attack on the facts of this case under the teachings of Burns v. Wilson, supra, and Whelchel v. McDonald, supra.

In Burns, the petitioner convicted by court-martial charged among other things that he had been denied due process of law, that he had been illegally detained, that coerced confessions had been extracted and that he had been denied effective representation by counsel. The Supreme Court determined that a fair consideration had been given by the military court to the contentions urged and states, "It is the limited function of the civil courts to determine whether the military have given fair consideration to each of these claims." 346 U.S. 137, 144, 73 S.Ct. 1045, 1050. The Court found such consideration had been given and affirmed the dismissal of the petition. Similarly in our present case, the additional issues raised by petitioner have received fair consideration by the military court.

▪ In any event, the trial court justifiably found as a result of an exhaustive study of the military record as follows: "We further find and determine that petitioner was vigorously and ably represented by the five defense attorneys who represented him before the court-martial and the Board of Appeals." 237 F.Supp. 921, 959.

▪ Upon the illegal confession issue, petitioner relies largely upon Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977. The trial court demonstrates at p. 183 of 239 F.Supp. that petitioner was fully advised at his court-martial of his right to attack the voluntariness of his confession and that he was afforded a full opportunity so to do, which he declined. This in our view satisfies the due process requirements of the military trial.

Judgment became final on the court-martial before Escobedo was decided. By reason of what we have heretofore said, we do not reach the issue of whether Escobedo is retroactive. All other issues raised by the petitioner have been considered and found to lack merit.

The judgments of dismissal of the habeas corpus petitions in these appeals are affirmed.