James **JEDBY**, Petitioner,

v.

Harold **SWENSON**, Warden, Respondent.

No. 1014.

United States District Court
W. D. Missouri,
Central Division.

March 15 and Dec. 16, 1966.

Granville E. Collins, Columbia, Mo., Professor Edward H. Hunvald, Jr., School of Law, University of Missouri, for petitioner.

Howard L. McFadden, Donald Randolph, Asst. Attys. Gen., of Missouri, Jefferson City, Mo., for respondent.

I

## MEMORANDUM AND ORDER OF MARCH 15, 1966 ON EXHAUSTION OF STATE COURT REMEDY

JOHN W. OLIVER, District Judge.

Pursuant to a rule to show cause heretofore issued, respondent has filed a response to which are attached a number of exhibits. We discuss that response and those exhibits in order that the reasons for this order be apparent.

Petitioner is allegedly held under a judgment of the Circuit Court of the City of St. Louis entered January 15, 1940. That judgment recites that the defendant was on that day brought into court by the Sheriff; that "by leave of Court and consent of the State, said defendant withdraws his former plea of not guilty (heretofore entered) and now says he is guilty of Rape as charged." That judgment also recites that the "plea being accepted by the Court upon the recommendation of the State, defendant requests sentence in accordance therewith." A life sentence was then imposed.

It must be noted at the outset that the judgment of January 15, 1940 did not recite that defendant was represented by counsel, that his plea of guilty was a voluntary plea, or that he was granted allocution before sentence was imposed. Petitioner has consistently placed these facts in issue.

A transcript of proceedings before the Honorable Sam C. Blair, Judge of the Circuit Court of Cole County, Missouri in Case No. 21,818 is attached to the response. Respondent did not attach petitioner's petition or any other pleadings that may have been filed in that case. Nor did respondent attach the exhibits introduced in that hearing that apparently were viewed by Judge Blair in 1963 (see pages 10 to 13 of transcript). We believe, although we are not certain, that at least two of the exhibits that were before Judge Blair are now before us as other attachments to the response filed in this case.

The transcript before Judge Blair indicates that "the records of the Circuit Court of the City of St. Louis show that you [the petitioner] were represented by a lawyer" (page 2 of transcript). That transcript further shows, however, that petitioner denied he had a lawyer and denied he had ever heard of William C. McLaughlin, whose name apparently appeared in the records from the Circuit Court of the City of St. Louis (page 2 of transcript). A colloquy between Judge Blair and Assistant Attorney General of Missouri related to a nunc pro tunc order apparently entered in the State trial court (pages 3–5 and page 9 of transcript). A copy of that nunc pro tunc order apparently entered February 3, 1947, and a copy of an undated application for that order, are also attached to the response. We assume that these documents were the evidence before Judge Blair. It is clear, however, that petitioner still denies the truth of the record recitation in the nunc pro tunc order.

The transcript also shows that the Assistant Attorney General of Missouri did not believe that petitioner had a right to test the validity of his sentence in the Circuit Court of the City of St. Louis under Rule 27.26 of the Rules of the Supreme Court of Missouri, V.A.M. R. (page 6 of the transcript). It was Judge Blair who suggested that petitioner be afforded that opportunity. Judge Blair recognized that under the existing rules of decision of the Missouri Supreme Court he would not reach the merits of petitioner's claim in a habeas corpus proceeding in the court over

which he presided (page 6 to 8 of transcript).

Judge Blair stated for the record that "this court does not believe that it has the right to grant you [the petitioner] any relief * * *. My judgment is that my hands are tied and there is nothing I can do for you. * * * All I can do is remand you and that is the order of this court" (pages 12 and 13 of transcript). Judge Blair did, however, suggest that petitioner file a petition in the Supreme Court of Missouri. That suggestion, of course, was made in light of the declaration of the Assistant Attorney General that petitioner could not file a Rule 27.26 motion in the Circuit Court of the City of St. Louis.

Various docket sheets of the Supreme Court of Missouri are attached to the response. We have not, however, been furnished with any copies of the pleadings or exhibits that may have been before that court. Docket sheet in case No. 50449, covering file No. 50451, recites that a motion for leave to file petition for writ of habeas corpus as poor person was filed by the petitioner on October 22, 1963 and that on November 11, 1963 "petitioner's motion for leave to file petition for habeas corpus sustained; writ denied for failure of petitioner to state a claim on which relief can be granted."

Another docket sheet, No. 50876, covering file No. 50899, shows that on June 11, 1964, petitioner again attempted to file a petition for habeas corpus; that on July 13, 1964 it received the same treatment as his first petition.

Docket sheet No. 51106, covering file No. 51112, shows that petitioner's third attempt to have his petition for habeas corpus heard in the Supreme Court of Missouri was filed October 5, 1964; that on October 12 a writ was issued ordering a hearing for 2:00 p. m., Monday, October 19, 1964; and that the following entry was made on October 20, 1964:

Evidence heard; Court finds that petitioner was represented by counsel at and prior to the time of his plea of guilty, and that the record of the Circuit Court of the City of St. Louis so shows; the Court further finds, contrary to the testimony of petitioner, that his plea of guilty was not induced by coercion, violence, or other illegal means, but was intelligently and voluntarily made. Petitioner ordered remanded.

No exhibits received in evidence, if exhibits were in fact admitted in evidence, at that hearing, are filed with this Court. And we are further advised by one of the attachments to the response that:

The Sound Scriber tapes of the oral proceedings in the habeas corpus action of Jedby v. Nash, Case No. 51106, October, 1964, have been erased from the tape. There is no other record made of said hearing.

It is obvious that we have no way of knowing how the Supreme Court of Missouri handled the federal constitutional questions raised by petitioner in that original habeas corpus proceeding in that court.

■ The response shows that the petitioner unsuccessfully applied for certiorari in the Supreme Court of the United States from the Supreme Court of Missouri's denial of his habeas corpus and that on August 25, 1965, an earlier petition for habeas corpus in this Court had been denied by another judge. Of course, neither action involved a disposition of petitioner's federal constitutional claim on the merits and respondent's suggestion that he "is led to believe [that the earlier unappealed order of another judge of this Court] is a final adjudication on petitioner's motion for a writ of habeas corpus" is not tenable. See Sanders v. United States, 373 U.S. 1 at 7, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963) and Fay v. Noia, 372 U.S. 391 at 423, 83 S. Ct. 822, 9 L.Ed.2d 837 (1963).

Petitioner's most recent pleading in this Court alleges that he "takes no issue with such records [attached to respondent's response in this Court] for the reason he has not been favored with copies

of said records, but he does deny the allegations of those records and questions their validity in this cause. And in regard to the evidentiary hearing afforded him by the Supreme Court of Missouri, petitioner alleges that "the hearing in the Supreme Court of Missouri was inadequate, it was insufficient, it was capricious and whimsical."

We, of course, are cognizant of the sort of charges that are made by some inmates of both State and federal correctional institutions against both State and federal judges.

■ But we are also cognizant of what the Supreme Court of the United States has held to be the law of the land in regard to the duties of both State and federal courts in post-conviction proceedings. From the Supreme Court on down, all federal courts have long expressed their reluctance to interfere with the administration of the criminal laws of a particular State.

But that reluctance, reflected by both statutory and judicial decisions relating to federal abstention until a particular State prisoner has exhausted his available State post-conviction remedies, does not mean that federal courts may indefinitely postpone consideration of the federal constitutional questions presented by a particular State prisoner. That sort of postponement would amount to abdication of the duty imposed on the federal courts by the Constitution of the United States.

■ Townsend v. Sain, 372 U.S. 293 at 313, 83 S.Ct. 745, 757, 9 L.Ed.2d 770 (1963), made clear that a federal court must grant an evidentiary hearing to a State habeas corpus applicant:

If (1) the merits of the factual dispute were not resolved in the state hearing; (2) the state factual determination is not fairly supported by the record as a whole; (3) the fact-finding procedure employed by the state court was not adequate to afford a full and fair hearing; (4) there is a substantial allegation of newly discovered evidence; (5) the material facts were not adequately developed at the state-court hearing; or (6) for any reason it appears that the state trier of fact did not afford the habeas applicant a full and fair fact hearing.

Those six situations are described in detail on pages 313 to 318 of 372 U.S., 83 S.Ct. 745 and must be applied by this Court to every State habeas corpus case.

It is obvious from the present record in this case, as established by the response and exhibits attached thereto, that answers to the specific questions posed by Townsend v. Sain, cannot be made on the basis of any records made in the State court proceedings because such records do not now exist.

We have considered whether we should delay ordering an evidentiary hearing in this Court in order to afford petitioner an opportunity to proceed further in the courts of Missouri in accordance with rules of decision that are much more settled now than when petitioner first attempted to get a Missouri court to grant him an evidentiary hearing on the disputed questions of fact that he has consistently been trying to litigate since 1963. See Russell v. Swenson, Warden, W.D.Mo., 251 F.Supp. 196, decided January 21, 1966.

Under present Missouri procedures it is our understanding that the Attorney General's office would have suggested, as it did not suggest in 1963, that petitioner's proper remedy in the first instance would have been to file a Rule 27.26 motion in the Circuit Court of the City of St. Louis, the court that committed him. That court, of course, is the court that has closest access to the material witnesses and to all the relevant documentary evidence. Petitioner, of course, would have had a right to appeal an adverse ruling to the Supreme Court of Missouri on the record made in the committing court; and, if still not satisfied, to apply for certiorari to the Supreme Court of the United States.

We think it doubtful under its recently announced rules of decision that the Supreme Court of Missouri will in the future entertain and exercise its unques-

tioned original jurisdiction over habeas corpus filed directly in that court until and unless a particular State prisoner shall have first exhausted his trial court remedy by filing a Rule 27.26 motion in his committing trial court. The experience in this and other cases illustrates what can happen when what is essentially an appellate court, elects to become a trial court on rare and infrequent occasions.

In short, present procedures of the Supreme Court of Missouri indicate that it believes that justice will be administered more effectively and adequately within the State judicial system if it directs a particular petitioner to file a Rule 27.26 motion in the State trial committing court; that the State trial court be directed to appoint counsel in all cases in which hearings are required to resolve disputed questions of fact; that as a consequence when and if an appeal is taken, the Supreme Court of Missouri then will be in a position to decide each case on a full and adequate record; and, if necessary, to remand the case for further proceedings in the committing trial court in order that all possible federal constitutional questions be given full and careful consideration within the framework of the State judicial system.

In cases where that procedure is followed, the duties imposed upon the federal courts by the Constitution as construed in Townsend v. Sain and the other familiar cases may thereafter be discharged with the benefit of a full and complete record made in both the State trial and appellate courts. The occasion for holding further evidentiary hearings in the federal courts may well be substantially decreased and, in any event, the efforts of both State and federal courts will be coordinated in procedures easily understood and followed by both.

Under the particular facts presented by this case we have concluded that we should set this matter for evidentiary hearing, particularly in light of petitioner's most recent allegation that the hearing afforded him by the Supreme Court of Missouri was inadequate, insufficient, capricious, and whimsical.

At another place (see Potter v. United States, W.D.Mo.1965, 36 F.R.D. 394 at 411–412) we have noted the ease with which a particular inmate may make allegations in a post-conviction proceeding and the consequences that are inherent in the actual trial of the issues of fact thereby created. What we said there in regard to a federal post-conviction proceeding is applicable to a State post-conviction proceeding and counsel who will represent the petitioner should so advise him.

In order that the hearing proceed in an orderly manner we direct and order that:

1. Granville Collins, Esquire, is appointed to represent petitioner. Mr. Collins will confer with petitioner and determine whether every possible federal constitutional question has been raised in the present pleadings. If there are any additional questions of fact or law to be raised, an amended petition shall be promptly filed so that all such issues may be determined in the hearing scheduled to be held. See Swisher v. United States, W.D.Mo.1965, 237 F.Supp. 921 at 924, 239 F.Supp. 182 at 183; and Swisher v. United States, 8 Cir. 1966, 354 F.2d 472 at 475–476, affirming both orders which reflect procedures similar to those contemplated in this case.

2. The respondent shall promptly file a supplemental response to which he shall attach all exhibits he intends to introduce in evidence at the time of the hearing. Exhibits attached to the original response need not be refiled but appropriate reference to such exhibits shall be made in the supplemental response.

3. This case is set for evidentiary hearing during the week of March 21, 1966 in the Central Division of this Court at Jefferson City, Missouri. Counsel will be advised later as to the exact time during that week that the case will be heard.

It is so ordered.

## II

### MEMORANDUM AND ORDER OF DECEMBER 15, 1966 AFTER EVIDENTIARY HEARING ON THE MERITS

Petitioner, an inmate of the Missouri State Penitentiary at Jefferson City, is in custody under a sentence of life imprisonment imposed by the Circuit Court of St. Louis, Missouri, on January 15, 1940.

Our Memorandum and Order of March 15, 1966, discussed the question of exhaustion of state postconviction remedies and found that petitioner in this case had exhausted his remedies. What we said there is incorporated here by this reference.

At the evidentiary hearing held October 28, 1966, petitioner and respondent stipulated of record that, despite any contrary indication by the State trial court records, petitioner was an indigent and was without counsel when he pleaded guilty and was sentenced. Respondent requested, but later waived, his right to submit a brief.

■ Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), established that an indigent defendant in a State criminal prosecution has an unqualified federal right to the assistance of counsel, unless he intelligently and voluntarily waives that right. It is clear that the principles of *Gideon* apply to the acceptance of a plea of guilty made without the assistance of counsel. Doughty v. Maxwell, 376 U.S. 202, 84 S.Ct. 702, 11 L.Ed.2d 650 (1964). A plea so entered cannot stand as a valid basis for conviction and subsequent confinement.

■ Waiver of the right to counsel may not be presumed from a silent record, and, further, the right is not dependent on a specific request for counsel. Rice v. Olson, 324 U.S. 786, 65 S.Ct. 989, 89 L.Ed. 1367 (1945); Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962); Doughty v. Maxwell, supra.

■ Finally, it is clear that the principles of the *Gideon* case are to be applied retroactively. Linkletter v. Walker, 381 U.S. 618, 629, 85 S.Ct. 1731, 14 L.Ed. 2d 601 (1964); Tehan v. United States ex rel. Shott, 382 U.S. 406, 416, 86 S.Ct. 459, 15 L.Ed.2d 453 (1965); Johnson v. State of New Jersey, 382 U.S. 719, 727–728, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966).

■ For the reasons stated above, we find and determine that petitioner is entitled to the relief prayed for in his petition for a writ of habeas corpus. However, we hereby order that the writ shall not issue for a period of thirty (30) days in order to afford the State of Missouri, through its Attorney General, the opportunity to have petitioner's conviction set aside or declared to be invalid, to have counsel appointed, and to begin new trial proceedings.

If no such trial proceedings are begun within the thirty (30) days allowed, the writ shall issue. If such a proceeding is begun, this Court will delay the issuance of the writ and hold the matter open until final action by the courts of Missouri is taken in connection with this case, and we shall thereafter make such disposition of this case as is called for by the situation.

It is so ordered.

Petitioner has been represented in this Court by court-appointed counsel. The services rendered petitioner by Granville E. Collins, Esq. and Professor Edward H. Hunvald, Jr., have been in the highest tradition of the Bar. We commend them for their uncompensated service to the petitioner and to the administration of justice in this Court.