Robert C. HARRIS, Petitioner,

v.

Dr. P. J. CICCONE, Director, United States Medical Center for Federal Prisoners, Springfield, Missouri, Respondent.

Civ. A. No. 14960-3.

United States District Court
W. D. Missouri, W. D.

Aug. 13, 1968.

John J. Kitchin, Swanson, Midgley, Jones, Eager & Gangwere, Kansas City, Mo., for petitioner.

F. Russell Millin, by John Harry Wiggins, Kansas City, Mo., for respondent.

## MEMORANDUM OPINION INCLUDING FINDINGS OF FACT, CONCLUSIONS OF LAW, AND JUDGMENT DENYING PETITION FOR HABEAS CORPUS

BECKER, Chief Judge.

### Jurisdiction

The petitioner Robert C. Harris seeks review by habeas corpus of a sentence of twenty-five years imposed by a General Court Martial at Stuttgart, Germany, on July 20, 1950. When the petition herein was filed, the petitioner was imprisoned in the United States Medical Center for Federal Prisoners, Springfield, Missouri.

Since the filing of the petition and the evidentiary hearing thereon, the petitioner has at his request and with leave of court been transferred to the United States Penitentiary at Lewisburg, Pennsylvania, and thereafter been released on parole. The transfer with leave of court and the release of petitioner on parole does not divest this Court of jurisdiction to decide this case on the merits. Holland v. Ciccone, (C.A. 8) 386 F.2d 825. Nor does petitioner's release from custody divest this Court of jurisdiction or render the case moot. Carafas v. LaVallee, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554.

### The Record

While the petitioner was still confined in the Medical Center, and while his transfer to the Lewisburg, Pennsylvania institution was anticipated, an evidentiary hearing on the petition, at which petitioner testified, was held. The findings of fact herein are based on the files and records in this case and upon the evidentiary hearing.

In addition to the records and files of this Court in this case, the record of

the evidentiary hearing includes the certified complete record of the Department of the Army of the trial of petitioner by General Court Martial and the review thereof certified by the Secretary of the Army which has been admitted into evidence. (Court's Exhibits 1, 2, 3, 4 and 5).

### Order To Show Cause

When it became apparent that the petition raised substantial questions of law and fact, and "Order To Show Cause" why the writ should not be granted was issued to respondent's predecessor.

### Appointment of Counsel for Petitioner

On motion of petitioner for appointment of counsel, John J. Kitchin, Esquire, of Kansas City, Missouri, an exceptionally able and qualified counsel, was appointed to represent the petitioner. Mr. Kitchin has performed his duties as counsel for petitioner, who was a stranger to him, with loyalty, wisdom, devotion, intelligence, and industry in keeping with the highest traditions of the Bar.

### Stay of Decision

Because petitioner was transferred from custody in this District and conditionally released, decision of this cause was stayed because of possible developments in pending cases in the field of post-conviction review of Court Martial convictions. Under current decisions no relief was indicated at the time. Subsequent developments have not warranted granting relief.

### Statement of Issues

At the direction of the Court, counsel for the parties met and agreed on the following statement of issues (or questions) affecting the legality of the petitioner's sentence and confinement.

1) Does the United States District Court have jurisdiction to hear petitioner's complaints?

2) Were petitioner's constitutional rights violated during the course of the investigation performed prior to court-martial because of lack of legal counsel?

3) Were petitioner's constitutional rights violated in that he had no legal representation at post-trial review?

4) Was there a failure by the prosecution to inform the accused completely of the nature of the charges against him?

5) Was petitioner adequately represented by legal counsel at his trial by court-martial?

6) Did the fact that petitioner's trial by court-martial lasted only one day deny him due process of law?

7) Were petitioner's rights violated through acceptance and consideration of testimony given by an accomplice at the trial by court-martial?

8) Was there a failure of defense counsel to call witnesses, cross-examine witnesses and introduce evidence favorable to petitioner, and was such failure in violation of the petitioner's right to a fair trial?

### Statements and Stipulations of Fact

Counsel were unable at this point to agree on a stipulation of facts. So a statement of facts in detail by petitioner was required. Respondent was ordered to file a detailed written statement of facts in response. A statement of facts and a response were filed.

### Findings of Fact

The petitioner Robert C. Harris, at all times mentioned herein concerning the time of commission of the offenses of which he was convicted and sentenced by General Court Martial until the judgment and sentence became final, was a literate adult, serving in the United States Army in Germany in the grade of corporal. His official duty station was in Gelnhausen, Germany, near Frankfurt.

While so serving on July 20, 1950, he was convicted by General Court Martial properly convened at Stuttgart, Germany, of the following offenses committed on April 23, 1950:

(a) Unpremeditated murder of Paul Bruestle, a German National, in violation of Article of War 92, 62

Stat. 640. (Charge I and specification).

(b) Housebreaking in violation of Article of War 93, 62 Stat. 640. (Charge II, specification 1).

(c) Assault with intent to commit robbery in violation of Article of War 93, 62 Stat. 640. (Charge II, specification 2).

At the trial the petitioner was represented by a civilian counsel of his choice (though not his first choice) and by assigned military counsel. Petitioner plead not guilty, did not testify in his behalf and no alleged admissions or confessions of petitioner were admitted in evidence.

At the trial petitioner did not raise the question of the adequacy of his representation in the pretrial investigation.

The record of this case, including the official record of the General Court Martial, shows that the petitioner's conviction rested upon positive eyewitness testimony of his guilt by an accomplice strong corroborating factual testimony, and physical and opinion evidence. Neither before nor after the finding of guilty and before the Court Martial retired for sentencing did the defendant make any claim of alibi, inability to secure material evidence or inadequacy of counsel, or other claim made here. Defendant admits he was asked, after the finding of guilty and before sentence, if he had anything to say before sentence was considered (Tr. March 29, 1966, page 37).

*Court Martial Review*

In accordance with Article of War 47 (62 Stat. 634) the convening authority referred the record of the trial of petitioner to his Staff Judge Advocate for review. The review of the Staff Judge Advocate was a careful review of the record, including the testimony and exhibits, findings of guilt and sentence. Even minor non-prejudicial error in the admission of a conclusion of one of the victims was noted. (Court's Ex. 5).

Pursuant to Article of War 50(e) execution of the sentence was withheld until final review by the Board of Review. On August 17, 1950, the Board of Review held the record of the trial to be legally sufficient and to support the findings of guilty and the sentence imposed. (Court's Ex. 5).

On August 25, 1950, the sentence was approved and ordered to be effective. A United States penitentiary, reformatory, or other such institution was designated as the place of confinement. For execution of the sentence of imprisonment the petitioner was committed to the custody of the Attorney General. (Court's Ex. 5). Pursuant to this commitment the petitioner was imprisoned in this District.

The petitioner was not represented by employed counsel or appointed counsel in the post-trial Court Martial proceedings before the Board of Review. Petitioner did not request the appointment of counsel nor seek to employ counsel to represent him in the post-trial review proceedings. The government was not represented by counsel before the Board of Review.

Despite his recent claims and testimony, petitioner was not ignorant of the nature of the charges and specifications against him neither before nor after they were preferred.

Petitioner was not unaware of the nature of the post-trial review proceedings despite his claim that he was ignorant of the alleged "right" to counsel before the Board of Review, a "right" which did not exist in 1950.

Petitioner was represented in the pretrial investigation by two officers who were not lawyers. Petitioner made no statements or admissions during the pretrial investigation.

Before the trial petitioner attempted to employ as civilian counsel an American civilian practicing in Germany (Mr. Gower) who visited petitioner, but who proved to be unavailable. After petitioner was advised of the unavailability of Mr. Gower, petitioner requested the

services of a civilian lawyer Mr. Willmore, chosen by him, who undertook the defense of petitioner in association with army-appointed counsel Major Owen. Petitioner had adequate and effective assistance of counsel at the trial level.

Despite his recent claims and testimony, petitioner's election not to testify in his defense was not the result of a misunderstanding of the grade or gravity of the alleged offenses or any of them.

In 1963, petitioner unsuccessfully sought leave to petition review of his conviction by the United States Court of Military Appeals. This leave was denied because review was not within the jurisdiction of that body which had not been created when petitioner's conviction became final. (Court's Ex. 4).

### Conclusions of Law

1. This Court has jurisdiction to determine the merits of the petition for habeas corpus of petitioner. The remedies within the military community and the reviewing authorities have been exhausted. Habeas corpus in the District Court is an available remedy to determine whether applicable constitutional rights have been accorded the person convicted by a Court Martial. Burns v. Wilson, 346 U.S. 137, 73 S.Ct. 1045, 97 L.Ed. 1508; Swisher v. United States, (C.A. 8) 326 F.2d 97 and 354 F.2d 472 (Second appeal); Burns v. Harris, (C.A. 8) 340 F.2d 383; Application of Stapley, (D.Utah) 246 F.Supp. 316; Warren, The Bill of Rights, 37 N.Y.U.L. Rev. 181 (1962). Cf. Ashe v. McNamara, (C.A. 1) 355 F.2d 277; Augenblick v. U. S., (Ct.Cl.) 377 F.2d 586 [180 Ct.Cl. 131].

2. The petitioner's constitutional rights were not violated by failure to provide petitioner with appointed counsel who were lawyers in the pretrial investigation. Kennedy v. Commandant, (C.A. 10) 377 F.2d 339. Petitioner made no confession or admission in the pretrial proceedings. His statutory rights under Article of War 46, if considerable

here, are not shown to be violated by representation by the officers appointed for him as counsel. These officers were not present at all times during the pretrial investigation. The pretrial investigation in this case, however, was not a critical phase in which the petitioner lost or was likely to lose substantial rights. It was necessary that the investigation proceed promptly. Had the pretrial investigation been delayed, petitioner would have had an opportunity to complain of the delay. Cf. Burns v. Harris, supra. The petitioner was given a reasonable time to secure civilian counsel but was unable to do so. (Court's Ex. 3, 3rd Ind.). Thereupon lay officer counsel were appointed for him. Their appointment and performance are not grounds for vacating the judgment and sentence. Further, there was no question raised in subsequent Court Martial proceedings of the adequacy of the representation of petitioner at the pretrial investigation. For this reason, among others, petitioner's claims in respect thereto are without merit. McKinney v. Warden, (C.A. 10) 273 F.2d 643, cert. den. 363 U.S. 816, 86 S.Ct. 1253, 4 L.Ed.2d 1156.

3. The petitioner's constitutional rights were not violated by failure to appoint counsel for petitioner in the proceedings before the Board of Review. Under the Articles of War in effect in 1950, Congress did provide for appellate review of convictions involving particular sentences but did not provide for an appeal with adversary representation. In a case involving confinement in a penitentiary, such as this case, Congress, through the Articles of War, reasonably provided that a Board of Review would examine the record of trial. To enable the Board to perform this task, the Board was granted the authority to weigh the evidence, judge the credibility of the witnesses, and determine the controverted questions of fact. This procedure is sufficient to satisfy any requirements that may be imposed by the Constitution. The Board, in this case, fulfilled its statutory obligation and held

that the trial record was legally sufficient to support the findings of guilt and sentence. In 1950, under the Articles of War 50(e), the sentence of a Court Martial of the type in this case could not be executed until reviewed as required by Article 50. Paragraph (e) of Article 50 required that the record of trial of petitioner be examined by a Board of Review. Where, as here, the Board finds the record of trial legally sufficient, and confirming action is not deemed necessary by the Board of Review or the Judge Advocate General, the holding shall be deemed final and conclusive. These procedures were observed in this case. These statutory review proceedings did not constitute an adversary appeal with the right to counsel. The United States was not represented by an advocate as counsel on review. Nor was the petitioner entitled under the Articles of War to an advocate as counsel on appeal. The review proceedings were not equivalent to an appeal in a criminal case to an appellate court. There was no denial of equal protection of the laws in the statutory procedures for review. The principles of Douglas v. [People of State of] California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811, and of Bosler v. Swenson, (C.A. 8) 363 F.2d 154, affirmed in 386 U.S. 258 [87 S.Ct. 996, 18 L.Ed.2d 33], are not applicable to the type of review proceedings provided in paragraph 50(e) of the Articles of War in force in 1950. Further, it was not a deprival of due process of law for the Articles of War to fail to provide for an adversary type appeal. For due process does not require an appeal. Tinkoff v. United States, (C.A. 7) 86 F.2d 868. 1. c. 881, cert. den. 301 U.S. 689, 57 S.Ct. 795, 81 L.Ed. 1346, reh. den. 301 U.S. 715, 57 S.Ct. 937, 81 L.Ed. 1366; U. S. v. Heinze, 218 U.S. 532, 31 S.Ct. 98, 54 L.Ed. 1139; Reetz v. [People of State of] Michigan, 188 U.S. 505, 23 S.Ct. 390, 47 L.Ed. 563; District of Columbia v. Clawans, 300 U.S. 617, 57 S.Ct. 660, 81 L.Ed. 843. By force of the same reasoning, the due process provisions of the Fifth Amendment to the Constitution of the United States did not require provision of counsel on an adversary appeal which itself was not required. Finally, there was no request by the petitioner for counsel before the Board of Review. Petitioner was not shown to be unable to provide counsel before the Board of Review if permitted or required. For all these reasons, and each of them, petitioner's prayer that the sentence in question be declared unconstitutional and void should be denied.

4. There was no failure of the prosecution to inform the petitioner of the nature of the alleged offenses and the possible penalties at and before trial. Therefore, petitioner was not deprived of due process or other constitutional right because of alleged lack of notice of the charges.

5. The petitioner had adequate and effective assistance of employed civilian and appointed military counsel. For the offense of which he was convicted the sentence was not excessive. The evidence against petitioner was strong and convincing. No unfavorable inadmissible evidence against petitioner was admitted. The form and substance of the procedures were well within the requirements of law. The defense counsel were alert in protecting petitioner's rights as shown by the record of trial. (Court's Ex. 1). Petitioner's belated defense of alibi was not presented to his counsel nor mentioned by defendant in the mitigation or allocution phase of the trial before sentencing.

6. The continuous trial of petitioner from 1:55 P. M. to 11:30 P. M. on July 20, 1950, was not a denial of due process of law. The case for the prosecution was efficiently presented. Cross-examination was not restricted. After the close of the case for the prosecution a recess was granted to the defense. Following the recess the defense announced that it had no evidence to offer. Then the defendant was carefully instructed in open court concerning his right to testify or to decline to testify.

The defendant stated that he understood his rights and chose to remain silent. After this, oral argument was made by the defense and waived by the prosecution. After the findings of guilt a further hearing was held on the petitioner's record and the question of the sentence. The sentence was then determined and announced. There was no legal or practical reason or request to prolong the trial.

7. The eyewitness whose testimony was offered by the prosecution was an alleged accomplice of petitioner, one Alfred Faber. There was no violation of petitioner's constitutional or other rights in the reception and consideration of this testimony. Such testimony is admissible. 2 Wharton's Criminal Evidence, § 443, pp. 221–232.

8. The defendant was entitled to effective assistance of counsel at the trial level. Application of Stapley, (D.Utah) 246 F.Supp. 316. But there was no violation of petitioner's constitutional rights in the alleged failure of counsel for the defense to call witnesses, cross-examine witnesses, or introduce evidence favorable to the petitioner. No favorable witnesses or evidence are shown to have existed. The cross-examination is not shown to be inadequate. Under the circumstances shown by this record it is difficult to imagine what defense counsel could do that was not done. The petitioner is fortunate that, on this record, the punishment was not more severe.

9. In collateral post-conviction review where as in this case the respondent has justified the detention of the prisoner by a judgment and sentence, regular on its face, of a lawfully constituted court, having jurisdiction of the person and of the subject matter, the burden of proving by a preponderance of the evidence that he was denied constitutional rights invalidating the challenged judgment or sentence is on the petitioner. Hawk v. Olson, 326 U.S. 271, 66 S.Ct. 116, 90 L.Ed. 61. This rule is qualified by a consistent and salutary subordinate rule that, where it appears that a petitioner-convict has not been afforded the assistance of counsel guaranteed by the Constitution of the United States, there arises a strong presumption against waiver of counsel. This presumption shifts to the respondent the burden of proving by convincing evidence that the petitioner knowingly and voluntarily waived the right to counsel. Von Moltke v. Gillies, 332 U.S. 708, 68 S.Ct. 316, 92 L.Ed. 309, l. c. 321. Regardless of the incidence of the burden of proof, the evidence in this case clearly proves by more than a preponderance of the evidence that petitioner had effective assistance of qualified counsel at his trial by General Court Martial.

*Judgment*

For the foregoing reasons, it is hereby

Ordered and adjudged that the petition for habeas corpus herein be, and it is hereby, denied.